WILLIAM E. T. SMITH et al., Respondents, *v.* LYDIA S. FLOYD, Appellant.

*Construction of a devise of realty — intention of the testator.*

Where land is devised to a person for life, giving him the right to devise the same to his children, if he should have any, with remainder over to a third person in case the life tenant leaves no children him surviving, the land upon the death of such life tenant, intestate and leaving children, is vested in such children in the absence of any devise of such property by the life tenant.

APPEAL by the defendant, Lydia S. Floyd, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, overruling the defendant's demurrer to the amended complaint of the plaintiffs, entered in the office of the clerk of the county of Suffolk on the 18th day of March, 1893.

The complaint in the action contained, among others, the following allegations:

That the only heirs at law and next of kin of said William Smith were the devisee named in said will, Egbert T. Smith, and Lydia S. Floyd. The widow of said testator, Hannah Smith, survived the testator, but has since died.

That said Egbert T. Smith entered into possession of the real estate devised to him for his natural life by said will and died in possession thereof July 8, 1889.

That the plaintiffs are the lawfully-begotten children of said Egbert T. Smith, and are his only heirs at law and next of kin and are all of full age.

That the said Egbert T. Smith died without leaving a last will and testament, to the best of plaintiffs' knowledge, information and belief.

That plaintiffs claim to be the owners in fee simple of the premises described in said will as devisees and beneficiaries under the power in trust given to said Egbert T. Smith under the said will of said William Smith.

That the said premises, at the time of the commencement of this action, and for more than one year next preceding, have been in the exclusive possession of these plaintiffs, as tenants in common, claiming to own the same in fee simple.

That the defendant unjustly claims an estate in fee simple in an undivided one-half of said premises.

Wherefore, plaintiffs demand judgment that the defendant and every person claiming under her be barred of all claim to an estate in the premises above described, and that they have such other or further relief as may to the court seem fit.

*George H. Balkam,* for the appellant.

*T. M. Griffing,* for the respondents.

BARNARD, P. J. :

William Smith, of Brookhaven, Suffolk county, died in 1857, leaving a last will and testament. He had two children, Egbert T. Smith, now deceased, and the defendant. The plaintiffs are the children of Egbert T. Smith, and the question between the parties arises under the will of William Smith. By this will the testator made provisions for his widow, now deceased. He gave the sum of $30,000 to the defendant, accompanied by a " desire that my said

daughter shall keep the said legacy for the benefit of her children." The testator then gave the lands described in the complaint to his son, Egbert T. Smith, " during the period of his natural life, with the right and privilege of disposing of the same by will or devise to his children, if any he should have, and in case he should die without leaving any children lawfully begotten, then and in that case, I give and devise the same to the children of my daughter, Lydia, to them, their heirs and assigns forever." Egbert T. Smith left no will, and the question is whether the lands upon his death went to his children. There is no residuary clause in the will beyond one which gives funds and money over and above legacies to his daughter, Lydia, absolutely. The true intent and meaning of the will is clear. The testator meant to convey this land to the children of Egbert T. Smith. He gave a power of disposition by will, but this was " to his children." It was only in case that Egbert T. Smith died childless that the devise over was made to Lydia and her heirs. A construction which should disinherit these children of Egbert T. Smith when the testator was so careful as to limit his power of disposition by will to them, would be unwarranted. Their father could not take away the estate from them by will; but he could by dying without one. If the intention to give the remainder to the children is clear, the law implies the gift to them. (*Baker* v. *Lorillard*, 4 N. Y. 257 ; *Matter of Vowers*, 113 id. 569 ; 2 Jarman on Wills [5th Am. ed.], 133.)

A gift over by the testator, based on default of children of Egbert T. Smith, strengthens the implication in favor of a gift to the children, if the power of appointment be not exercised. (*Butler* v. *Grey*, L. R. [5 Ch. App. Cas.] 126.)

The plaintiffs, therefore, took a good title to the lands upon the falling in of the life estate under the will of William Smith.

The order overruling the demurrer to the complaint and the interlocutory judgment therein should be affirmed, with costs, but with leave to defendant to answer in twenty days on payment of costs.

PRATT, J., concurred.

Order overruling demurrer to amended complaint and judgment therein affirmed, with costs.