(5 App. Div. 132; 16 Misc. Rep. 226.)

### GRAY v. GRAY et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. DOWER—DEVISE IN LIEU OF.

    Testator devised to his wife, "in lieu of dower and thirds, and all right and interest in my estate (and in addition to the other and further provisions for her hereinafter made)," a certain house, and in the same clause gave her certain personalty. *Held*, that the subsequent provisions of the will were not in lieu of dower, and therefore the wife, where the house devised to her was sold by testator, was entitled to dower, and also the provisions thereinafter made for her in the will.

2. SAME.

    In such a will, testator, by a subsequent clause of the will, gave the residue of his property to his executors in trust to pay one-sixth of the income to his wife. *Held*, that such provision for the wife was not in lieu of dower.

3. WILLS—LEGACY BY IMPLICATION.

    Testator devised certain realty to his wife "in lieu of dower and thirds," and by further provision of the will gave the residue of his property to his executors in trust to pay one-sixth of the income to the wife for life. *Held*, that the wife, on revocation of the devise by sale, did not take, in addition to her dower, a legacy by implication of a third of the personalty.

Appeal from special term, New York county.

Action by Mary Jane Gray, individually and as executor of William H. Gray, against William H. Gray, Jr., and others. From the judgment construing the will of the decedent, plaintiff appeals. Modified.

The decision of Mr. Justice RUSSELL at special term is as follows:

This action having been tried at a special term of this court, held at the courthouse in the city of New York on the 23d day of October, 1895, the various parties appearing by their respective counsel, and their proofs and allegations having been duly heard and considered, judgment is directed as

follows, namely: First. The purpose of the testator to provide a home for his widow in the Eleventh street house failed by the sale thereof, in which the widow joined as doweress. Second. No valid substitution of the Seventy-Second street house was made for the benefit of the widow. Third. The other provisions of the will in favor of the widow are effective, and she is entitled to the benefit thereof, if she elects to claim under the provisions of the will. Fourth. She is entitled to dower in the real estate bought by the testator after the sale of the Eleventh street house to the amount of the purchase price received by him for the sale of the Eleventh street house. Fifth. There is no undue suspension of the power of alienation to any party, and the terms of the will are valid, except as herein directed. Sixth. The plaintiff is not entitled to dower in any of the real estate except as hereinabove indicated, in case she elects to receive under the provisions of the will. Seventh. Judgment is directed accordingly, with costs to the parties appearing payable out of the estate. The grounds upon which this decision is rendered are that the scheme of the will provided for a disposition of the entire estate freed from the claim of the widow for dower. The general purpose and scheme of the will remained in force at the death, except as to the Eleventh street house, which was disposed of with the consent of the widow, and the proceeds of the sale of that house were received by the testator; and, as the value of the Eleventh street house was not included in the division of his estate under the general purpose of his will, the widow's release of dower cannot be held to have been designed to apply to that portion which she was to receive absolutely. She, however, has a diminution of the value of her interest in the estate by the sale of the Eleventh street house, except as to the value of her dower interest in said Eleventh street house, which was designed as a home for her. There is no separate share which is suspended in the power of alienation for more than two lives in being. Ordered accordingly.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Moses Weinman, for appellant.

A. L. Jacobs, H. A. Matthews, and J. H. Mahan, for various respondents.

F. J. McBarron, R. Oakley, and W. B. Burke, for various infants.

J. M. Lathrop, for defendants Maria T. Gray and Isabella Williams.

RUMSEY, J. The plaintiff is the widow of William H. Gray, and one of his executors, and a legatee under his will. The defendants are the children and grandchildren and brothers and sisters of the testator, and William H. Gray, Jr., is also an executor. The testator made his will on the 15th day of July, 1890, and he died on the 18th of April, 1893. From the date of his will to his death there was no change in the value of his property, except the natural increase in the value of the real estate. At the time of his death he was the owner of real property worth about $512,000, which was mortgaged to the amount of $302,000. His personal property was valued at about $70,000, and his debts were $60,000 in addition to the amount of the mortgages. The widow, as one of his executors, brings this action for a construction of his will, and the questions presented arise upon two clauses of the will, which will be referred to as may be necessary.

The first question arises upon the third clause of the will, which is as follows:

"I give and devise to my beloved wife, Mary Jane Gray, in lieu of dower and thirds, and all right and interest in my estate (and in addition to the

other and further provisions for her hereinafter made), the house and lot of land in which we now reside, and known by the present street number 130 West Eleventh street, in the city of New York, to her and her heirs, absolutely forever."

By the same clause the testator also devised the jewelry, household furniture, books, pictures, and ornaments to his wife, and directed that the executors out of his estate should pay the mortgages upon the house devised to her, saying: "My intention and will being that she shall have, own, possess, and enjoy the said property free, clear, and discharged of all lien, mortgage, and incumbrance." After the making of the will, the testator sold the house on Eleventh street, mentioned in this clause, and moved into another house, owned by him, on West Seventy-Second street, where he resided at the time of his death. The house in West Eleventh street, devised to his wife, was worth about $28,000. By the fifth clause of his will the testator devised all the rest and residue of his estate to his executors, in trust to receive the rents, income, and profits thereof, and to apply them, one-sixth to his wife during her life, and the remainder in other ways more particularly mentioned in the said clause, but which are here not important to be considered.

The first question presented in the action and by the appeal is whether the testator intended to give his wife, in lieu of dower, simply the house in West Eleventh street, or whether all the provisions in his will for her benefit were to be taken in lieu of her dower and thirds. It seems to us that the terms of the third clause are quite clear upon that point. The exact words of that clause have already been quoted. The first thing to be noticed in construing them is that the words in parentheses devise nothing to the widow, nor do they add anything to the devise made in the third clause of the will. If they were entirely left out of that clause, the widow would take no less than she does, they being there; nor, being there, do they add anything to what is devised by it. If there were no other provisions in the will for her than those contained in this clause, she would still have nothing but the Eleventh street house and the other personal property mentioned in that clause. They are put there simply for the purpose of calling attention to the fact that the testator had elsewhere made some other provision for his wife. It is not claimed that they can be made effectual to require her to elect with regard to other provisions, unless they are transposed from the place which they occupy in the clause so that it shall read, "I give and devise to my beloved wife, in lieu of dower, the West Eleventh street house in addition to the other provisions made for her by this will." But such a transposition of a phrase in a will is not allowable when it makes good sense in the place where it was put by the testator. 1 Redf. Wills, 467; 1 Jarm. Wills, 499. There is, therefore, no authority for making the transposition in that way, unless it be for the purpose of carrying out some supposed intention of the testator. But there is nothing in the intention of the testator, as indicated in that clause, which would require any such transposition. His intention is equally well carried out if the words are construed according to their plain and obvious meaning,

—that the testator gives the Eleventh street house to his wife in lieu of dower and thirds, and makes no reference whatever to the fact that he has made any other provision for her anywhere else. The sale of the Eleventh street house operated as a revocation of the devise (McNaughton v. McNaughton, 34 N. Y. 201; Burnham v. Comfort, 108 N. Y. 535, 15 N. E. 710), and, that being the effect of it, the widow could no longer elect between the specific devise and her right of dower.

The next question presented is whether the widow is entitled to dower in the real estate as well as the provisions made for her by clause 5 of the will. That clause, as has been said, gives all the residue and remainder of the estate to the executors of the testator, in trust to receive the rents, income, and profits, and to apply the same as more particularly directed therein; one-sixth of the income going to the wife for her life. In considering whether or not this provision is inconsistent with the right of the wife to have dower in the will, it must be remembered that the right of dower is favored. Stimson v. Vroman, 99 N. Y. 74, 80, 1 N. E. 147. It is never excluded by a provision for a wife, except by express words or by necessary implication. Where there are no express words, there must be upon the face of the will the demonstration of the intention of the testator that the widow shall not take both dower and the provision. The will furnishes this demonstration only when it clearly appears without ambiguity or doubt that to permit the widow to claim both dower and the provision would interfere with the other dispositions, and disturb the scheme of the testator as manifested by his will. The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem to the court that to permit the widow to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred or believed that, if the attention of the testator had been drawn to the subject, he would have expressly excluded the dower. Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868. It will be noticed that the court in the case just cited refuses to put the widow to an election between a provision made for her in the will and her dower, unless it can be seen to a demonstration that the testator intended that she should elect. This is a very strict statement of the rule, but it was concurred in by all the judges of the court of appeals. The creation of a trust estate by the will is not inconsistent with the wife's right of dower. Konvalinka v. Schlegel, supra. In this case it was quite clear that the testator intended that the wife should have a provision in lieu of her dower, and the share of the income given to her by the fifth clause of the will. The testator expressly says that she shall have the Eleventh street house in lieu of dower, and she shall be put to her election between one of those two things. In addition to that, as he says, she is to have the further provisions made by the will, so that it is quite clear that the testator had in his mind that, in addition to the provisions made for his wife in the fifth clause of the will, she should have either dower in his estate, or the unincumbered title in fee to the Eleventh

street house, as she should elect. He must have known that she had an election, and that necessarily, if she declined to take the Eleventh street house, she would receive the dower which the law gave her; and, if he had intended that the one-sixth of the income given by clause 5 of the will should not go to her if she elected to take her dower, it would seem as though he would have said so. But the devise to her in clause 5 is absolute. It is considerably less than she would have gotten had she insisted upon the income of the one-third of the real estate, which would have been given to her for dower. In the case of Savage v. Burnham, 17 N. Y. 561, it was held, under the peculiar provisions of the will, the devise to the wife was inconsistent with her right to have dower, and for that reason, if she took the provision made for her by the will, she must take it in lieu of dower. But in that case it was quite clear from an examination of the will that the testator never intended that his wife should have anything except the provisions therein made for her. He did not, as he did here, give her an election between a portion of his estate and the right of dower, and add to it other provisions for her support. In Tobias v. Ketchum, 32 N. Y. 319, it was held that the provisions for the widow in the will were inconsistent with her right of dower, because the will gave her one-third of the net income of all the real estate after the payment of the taxes, assessments, and interest due thereon, and it was thought by the court that, as the duty was put upon the trustees of collecting all the income of the estate, and paying one-third of it to the widow, after deducting all charges from the estate, that provision was necessarily inconsistent with the right of the widow to have dower. In Vernon v. Vernon, 53 N. Y. 351, liberal provisions were made for the support of the wife, which were not declared to be in lieu of dower, but the testator gave authority to the executors to sell real estate which was not devised to her, free of all incumbrances, at a price fixed by him; and the court held that that provision was necessarily inconsistent with the right of the wife to incumber the estate which was to be sold, and therefore she was bound to elect between the provision made for her by the will, and her right of dower. All those cases are manifestly distinct from the one at bar, for in this case, as we have seen, the testator gives his wife dower or its equivalent, and then follows with a devise of one-sixth of the income. Our conclusion is that the widow is entitled to dower in the estate as well as to the provision made for her by the fifth clause of the will.

There is, as we think, no devise by implication to her of one-third of the personal property in addition to the devise made in the will. The claim is that there is to her a legacy by implication of one-third of the personal property, growing out of the fact that the Eleventh street house was given to her "in lieu of dower and thirds," and that that devise was revoked by the sale of that house. But there is no devise by implication in this will. The rule is that to uphold a legacy by implication, the inference from the will of the testator's intention to give the legacy must be such as to leave no hesitation in the mind of the court, and to permit of no other reasonable inference. Bradhurst v. Field, 135 N. Y. 564, 32 N. E. 113. In the case

of In re Vowers' Will, 113 N. Y. 569, 21 N. E. 690, the testator had given to his wife a certain provision, which was to be accepted, as the will said, in lieu of all her dower right and distributive share of his estate; she to make her election within 60 days. All the remainder of his property he gave to a nephew. The widow rejected the provision made by the will, and insisted that she was entitled not only to the dower, but to the distributive share of the estate. The court sustained her contention, upon the particular words of the will in that case. But in that case the testator made no other provision for the support of his wife than the particular one which was in question. If she did not accept that, she had nothing except what the law gave her, and the testator spoke of what the law gave her as "her" dower, and "her" distributive share of the estate, thus clearly explaining what, in his judgment, were the two alternatives between which she had to elect. The decision of the court there was put very largely upon the ground that the thing to be selected in place of the provision, besides the dower, was "her" distributive share; construing that to mean the share which the law would give her if there had been no will; and upon that construction the court held that there was a devise by implication. But that case was characterized in Bradhurst v. Field as one which went quite far in upholding a legacy by implication. No such necessity is required in this case to work out the scheme of the testator's will, and carry his intention into effect. Indeed, it is quite clear that any such construction would have a far different effect than was intended by the testator. It was quite clearly his idea that all the property except what he had set apart as his wife's dower should go into the fund established by the fifth clause of his will, and that that fund should be divided as he directed therein. To diminish that fund by taking away one-third of the real estate would not be in accordance with his intention, and is not required by necessary implication from any of the provisions of the will. We can find nothing in the will from which it can be inferred that it was the intention of the testator to substitute the Seventy-Second street house for the Eleventh street house, which was devised to his wife.

Our conclusion is that the first two questions of the complaint must be answered in the negative; that in answer to the third question it must be said that the wife is entitled to dower, but she is entitled to none of the personal property except such as is given to her by the third clause of the will. The fourth question must be answered in the negative, and the fifth question must be answered in the affirmative; and the judgment must be modified as required by these answers, with costs to the plaintiff and to the defendant executor and to the several guardians ad litem, to be paid out of the estate. All concur.