DECKER v. HIGH ST. M. E. CHURCH et al.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

WILLS—CONSTRUCTION.

Testatrix devised all her property in trust to support her husband during his life, and on his death to such charitable and religious purposes as he might direct; but it was testatrix's wish that one half should go to a church, and the other half to a home for old ladies. *Held*, that the death of the husband before testatrix did not render ineffectual the ulterior disposition of the property, and it should go to the church and the home, according to testatrix's wish.

Appeal from special term, Broome county.

Action by Maria A. Decker against the High Street M. E. Church and others. From a decision sustaining a demurrer to the complaint, plaintiff and some of defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

B. S. Curran and F. A. Darrow, for appellants.

W. J. Welsh and Frank M. Hays, for respondents.

MERWIN, J.   The plaintiff, as one of the heirs at law of Anna L. Taylor, deceased, brought this action to obtain the partition or sale of certain real estate owned by said decedent at the time of her death, on the 7th December, 1893. In the complaint it is alleged that the decedent left a last will and testament, which has been duly admitted to probate, and that the executor therein named has duly qualified as such executor and is acting as such. The will is set out in full. It bears date August 23, 1893, and, aside from the formal parts, is as follows:

"First. After all my lawful debts are paid and discharged, I give, devise, and bequeath to my executor hereinafter named all my property, of every name and kind, in trust to support and maintain my husband, Thomas D. Taylor, for and during the term of his natural life, and in a comfortable and proper manner. Second. On his death, whatever may remain is to go to such charitable or religious purposes as he may direct by will, but it is my wish that one-half should go to the High Street M. E. Church, and one-half to the Old Ladies' Home of Binghamton, N. Y., located at Fairview. Third. My executor is authorized to sell and convey my property, but the avails are to be used as above stated. Likewise, I make, constitute, and appoint William H. Mosher to be executor of this, my last will and testament, hereby revoking all former wills by me made."

It is also alleged in the complaint that Thomas D. Taylor, the husband of the decedent, died intestate after the making of the will, and before the death of his wife; that said Anna L. Taylor died intestate as to the real estate described in the complaint, and the same descended to her heirs at law; that the heirs at law of the decedent are her sisters, the plaintiff and the defendant Sarah M. Curtis, and the descendants of a brother, the same being named in detail, and their proportionate shares stated; that the High Street M. E. Church of Binghamton, N. Y., is a religious corporation duly incorporated according to the laws of this state, and the defendants Barton and others are the trustees of the corporation; that the Home for Aged Women of the City of Binghamton, N. Y., is a corporation duly incorporated according to the laws of this state; and that said church and said home claim some interest in the real estate. The defendants the High Street Methodist Episcopal Church and the Home for Aged Women demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The claim of the plaintiff is that the provisions of the will of Mrs. Taylor are not sufficient to constitute an operative disposition of the property to the church and the home, and that, therefore, as the power of appointment failed, there was intestacy and a cause of action in the plaintiff as an heir at law for partition. It is not claimed that the church and the home have not capacity to take, or

that there is any question about their identity with the defendants
the High Street Methodist Episcopal Church of Binghamton, N. Y.,
and the Home for Aged Women of the City of Binghamton, Broome
County, N. Y. The death of Mr. Taylor before the testatrix, and
without executing the power of appointment, did not necessarily ren-
der ineffectual any ulterior disposition of the property. McLean v.
Freeman, 70 N. Y. 81; Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712;
2 Jarm. Wills (5th Ed.) § 828. In the McLean Case the rule is stated
as follows:

"An ulterior devise, to take effect upon the defeasance of a former devise,
will take effect as well, when the failure of the primary devise is by the hap-
pening of some event, such as the death of the devisee, during the lifetime of
the testator, as by an event occurring after his death, by which the first devise,
after it has taken effect, is defeated, unless the ulterior devise is so connected
and dependent upon the primary one that it cannot, consistently with the pro-
visions of the will, have effect if the latter fail ab initio."

### In that case, at page 87, Judge Allen says:

"A testator is presumed to calculate on the dispositions of his will taking
effect, and hence several and succeeding gifts of the same fund or property
will be considered as intended to take effect in their proper order, each object
of the testator's bounty to take upon the failure of the prior dispositions, either
ab initio or at any time before it becomes indefeasible in the donee."

The theory is that there is a necessary implication that the tes-
tator, in case of the prior gift failing altogether for want of an ob-
ject, meant the ulterior gift to take effect. 2 Jarm. Wills, above
cited.

The "wish" of the testator, as expressed in the will, was sufficient,
standing alone, to constitute an effectual bequest. Phillips v. Phill-
ips, 112 N. Y. 197, 202, 19 N. E. 411. Was its accomplishment made
dependent upon the execution of the power of appointment? It may
be that the testatrix intended that, if the husband executed the
power, his direction should control. The power, however, was re-
stricted to charitable or religious purposes. An absolute disposi-
tion to those purposes was intended. She definitely expressed her
wish, and it is quite manifest that she meant to have her wish or
will carried out unless her husband directed differently. The failure
on his part to make any direction left her wish unconditional and in
full force. Effect is to be given to the intent of a testator, irrespect-
ive of the particular phraseology of the will, when not repugnant to
the terms of the instrument. McLean v. Freeman, 70 N. Y. 88.
"Although a gift by express terms is not made in a will, a legacy by
implication may be upheld when the words of the will leave no doubt
of the testator's intent and can have no other reasonable interpre-
tation." In re Will of Vowers, 113 N. Y. 569, 21 N. E. 690. "The
law favors a construction which will prevent partial intestacy."
Schult v. Moll, 132 N. Y. 122, 30 N. E. 377. A gift over upon fail-
ure of an appointment is sometimes implied in favor of those intend-
ed to be benefited by the appointment. 1 Jarm. Wills, § 551; 29
Am. & Eng. Enc. Law, 393. These considerations lead to the con-
clusion that, in order to carry out the manifest intention of the tes-
tatrix, the will should be construed to mean that, in default of an

appointment, the property was given to the church and the home. The judgment should therefore be affirmed. All concur.

Judgment affirmed, with costs, with leave to amend within 20 days on payment of the costs of the demurrer and of the appeal.