John J. Dillon, S.
The executors have instituted this independent construction proceeding* to determine whether the legacies under article “ sixth ” and “ seventh ” must first be satisfied prior to establishing the trusts under article ‘ ‘ eighth ’ ’.
The testator died a resident of Westchester County on December 13, 1956 and his will dated January 20,1956 was duly admitted to probate and letters testamentary thereon were issued to the petitioners pursuant to a decree of this court dated March 6, 1957.
The paramount factor to be taken into consideration in this case, as in all other construction proceedings, is the intention of the testator as expressed in the will. All rules of construction and interpretation are subordinated to the requirement that the actual purpose and intent of the testator be ascertained and given effect if not contrary to principles of law and public policy.
If, after a reading* of the entire will, the court is able to discern a dominant testamentary plan with respect to the disposition of the estate of the decedent, all portions of the will must then be considered in relation to that purpose and given effect in accordance therewith. (Roe v. Vingut, 117 N. Y. 204.) The mere fact that a literal interpretation of a word or phrase, inarticulately employed, might lead to a conclusion contrary to the dominant purpose expressed in the entire will, will not result in frustrating the testator’s intention once it is ascertained. (Haug v. Schumacher, 166 N. Y. 506, 513; Williams v. Jones, 166 N. Y. 522, 533; Matter of Miner, 146 N. Y. 121, 131.)
The testator, after directing that all of his debts and funeral expenses be paid, gave his wife a general legacy of $3,000. Under article “third” an income-producing improved parcel of real property was specifically devised to the “ executors and trustees ” and they were directed to pay the sum of $2,400 a year out of the net income from such property to the wife of testator for life or until she remarries. The •“ executors and *1078 trustees ’ ’ were further authorized and directed ‘ ‘ to apply the proceeds or income from the balance of my estate ” to satisfy the aforesaid annual payments. (Emphasis added.)
Article “ third ” further provides as follows: “ In the event the income is insufficient to pay my wife, dora Joseph, the sum of Twenty Four Hundred ($2,400.00) Dollars per year, then I expressly authorize and empower my executors and trustees hereinafter named to invade the corpus or principal of my Estate, or to mortgage any property owned by me, to the extent to which it will he necessary to reach the sum of Twenty Four Hundred ($2,400.00) Dollars per year.” (Emphasis added.)
Under article “ fourth ” the testator directed his “ executors and trustees to pay from the balance of the income of my estate ” (emphasis added) $50 a month to a sister, Sadie; $30 a month to a sister, Fannie; and $20 a month to a brother-in-law, Barney, for a period measured by their lives or the life of testator’s wife, whichever event occurs first.
The provisions of article “fifth” authorize the widow to occupy the homestead as long as she so desires and remains unmarried.
Article “sixth” provides as follows: “After the death of my wife, or upon her remarriage all the rest, residue and remainder of my Estate I give, devise and bequeath: (a) To my brother, jaoob * * * the sum of Ten Thousand ($10,000.) Dollars. * * * (b) To my sister, fanote * * * the sum of Ten Thousand ($10,000.) Dollars. * * * (c) To my sister, sadib * * * the sum of Ten Thousand ($10,000) Dollars.”
Under article ‘ ‘ seventh ’ ’ the testator bequeathed the sum of $47,500 to 13 named legatees, on condition that there are sufficient estate assets to first satisfy the legacies provided for under article “ sixth ”. -
Article ‘‘ eighth ’’ provides as follows: “I further give, devise and bequeath unto my trustees hereinafter named the sum of Twenty Two Thousand Five Hundred ($22,500.00) Dollars, to invest and reinvest the same in such investments as may be authorized by the laws of the State of New York, and to distribute the proceeds thereof, together with accumulated interest, as follows: ”.
Subdivisions (a) through (e) of article “eighth” in effect provide that the sum of $2,500, plus accumulated interest thereon, be paid to each of nine persons upon their attaining the age of 25 years, such beneficiaries being the issue of nieces and nephews of the testator,
*1079 Subdivisions (f) and (g) of article “ eighth ” contain provisions for the payment of general legacies of $500 and $250, respectively, to two religious organizations, and the petitioners as well as the special guardian are in accord that such legacies are payable immediately. With respect to these subdivisions, the court adopts the proposed construction.
A careful analysis of the entire will leads the court to conclude that the dominant intent of the testator was to provide his spouse with a home in which to live and with an annual income of $2,400. The only property which was expressly transferred and conveyed under article “third” and “fourth” of the will was the real property known as 63 Main Street, with respect to which the testator provided, ‘ ‘ I give, devise and bequeath” such property to “my executors and trustees ”. However, under article ‘ ‘ third ’ ’ the testator expressly provided that in the event that the income from such property failed to produce $2,400 a year, then the ‘ ‘ executors and trustees ” were to “ apply the proceeds or income from the balance of my estate ” (emphasis added) to satisfy the annual payment in favor of his wife. They were also authorized to “invade the corpus or principal of my estate” (emphasis added) as necessary for such purpose. In the last paragraph of article “ third ” testator authorized the executors and trustees “ to dispose of or mortgage such portions of my estate ” (emphasis added) as might be necessary for the aforesaid purpose.
The question thus arises as to whether under articles “ third ” and “ fourth ” the testator intended to convey and transfer estate assets to his trustees in addition to the real property which he specifically devised to them.
In construing a will, no words may be rejected as meaningless or repugnant if by any reasonable interpretation they may be made consistent and significant and the courts, wherever possible, give effect to all of the words used. (Matter of Buechner, 226 N. Y. 440.)
Formal words of gift are not necessary in order to sustain a legacy or a devise. (2 Davids on New York Law on Wills, § 739.) In Masterson v. Townshend (123 N. Y. 458, 462) the court stated: “ Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language.”
Gifts by implication are sustained in order to give effect to the intention of the testator where such intention can be ascertained. (Matter of Vowers, 113 N. Y. 569; Close v. Farmers’ Loan & Trust Co., 195 N. Y. 92.) The court determines *1080 that the language previously quoted from articles ‘ ‘ third ’ ’ and ‘ ‘ fourth ’ ’ effectuated a conveyance of all the estate assets, exclusive of the three legacies previously determined to have been given outright, to the trustees to be held in trust for a period measured by the life of testator’s wife. Moreover, this determination is in accord with the rule of construction which requires that testamentary provisions in favor of a surviving wife should be liberally construed. (Moffett v. Elmendorf, 152 N. Y. 475; Matter of Moss, 230 App. Div. 741.)
The sole issue remaining for determination is whether upon the termination of the trust in favor of testator’s wife the provisions contained in articles ‘ ‘ sixth ’ ’ and 11 seventh ’ ’ must first be satisfied before setting up the trusts created under article ‘ ‘ eighth ’ ’. The $10,000 legacies in favor of the brother and two sisters of decedent under article ‘1 sixth ’ ’, coupled with the provisions contained in article ‘1 ninth ’ ’, under which such persons were given the estate remaining after satisfaction of all other provisions, confirm the contention of the petitioners that the testator did not intend to favor his grandnieces and grandnephews to the possible exclusion of his brother and two sisters. The provisions of article “ fourth ”, under which the testator directed that each of his two sisters receive monthly payments of $50 and $30, respectively, ‘ ‘ from the balance of the income of” his estate is further evidence that testator intended that his brother and two sisters be favored, rather than those persons more remotely related to him. Accordingly, the court determines that the legacies under articles ‘ ‘ sixth ’ ’ and “seventh” must first be satisfied prior to establishing the trusts under article “ eighth ”.
The trusts created under article ‘1 eighth ’ ’ provide that income is to be accumulated until each of the beneficiaries attain the age of 25 years, and that at that time the principal and accumulated income is to be distributed to them. Under section 16 of the Personal Property Law, it is permissible to accumulate income during the minority of an infant and the directions for accumulation of income beyond that period are void. Accordingly, the accumulated income must be paid to each of the beneficiaries under article “ eighth ” upon attaining the age of 21 years, and thereafter the net income must be paid to each such beneficiary as it accrues. (Matter of Sexton, 74 N. Y. S. 2d 80.)
Settle decree.