### Wellington Hunton and another v. Henry P. Platt and another.

A bill filed to quiet complainant's title to lands, which makes persons defendants whose claims to the land are in no way connected, is multifarious.

*Heard January 9th. Decided May 12th.*

Appeal in Chancery from Shiawassee Circuit.

*McCurdy & Raynale,* for defendant Platt.

*Gould & Hanchett,* for complainants.

MARTIN Ch. J.:

The bill is filed by the complainants to quiet their title to the premises described therein. It charges that the defendant Platt claims the premises by virtue of a deed from the Auditor General upon a sale of the premises for unpaid taxes, and that he sets up other claims thereto, of the precise nature of which the complainants are ignorant. The bill also charges, that the defendant Ingersoll sets up a claim to said premises in opposition to the title of the orators; but denies that he has any, &c. The bill was taken as confessed against Ingersoll, but the defendant Platt demurred to it for multifariousness. This demurrer was overruled. The subsequent steps it is unnecessary to refer to, as the only question presented to us is upon the demurrer.

HUNTON v. PLATT.

The subject of multifariousness was so fully considered by this Court in *Wales v. Newbould*, 9 *Mich.* 58, that it is unnecessary to enter upon its discussion again in this case. In no respect can this bill be so viewed as to free it from this vice.

It is contended that the bill is not multifarious because its purpose is to establish and quiet the title of the complainants to a single parcel of land, and that the defendants are connected in interest against this title to defeat it. This is not the fact. There is no connection in interest whatever between the defendants to defeat the complainants' title. Their claims are entirely distinct, and indeed adverse.

They have no common interest as against the complainants, and the success of the one will in no way benefit or otherwise effect the claim or title of the other. There is therefore no analogy between this case and that of the *Mayor of York v. Pilkinton*, 2, *Atk.* 302, and the other cases cited by the complainants' counsel to sustain his bill. We think that the bill joins distinct and independent matters involving no question of general right, or in which the defendants have a common interest.

The decree is reversed, and the bill dismissed, with costs to the appellant.

The other Justices concurred.