## COMSTOCK v. DEANE.

APPEAL AND ERROR—MOTION TO DISMISS—DENIAL OF MOTION—REVIEW.

On a bill for the partition of real estate and cross-bills by defendants for an accounting for any sums due to them from the rents and profits collected by a deceased cotenant, of whom plaintiff and one of the defendants were the sole heirs, where an appeal was taken from an order denying motions to dismiss the cross-bills for the reason that the defendants' claims, if any, should be settled in the probate court, *held*, that the question raised by the motions should not be decided on the record as presented, and that the case should be heard upon its merits so that a complete record might be presented of the facts upon which chancery jurisdiction was sought.

Appeal from Lenawee; Hart, J. Submitted June 21, 1917. (Docket No. 103.) Decided July 26, 1917.

Bill by Charles H. Comstock against Walter T. Deane, Libbie G. Gibson and others for the partition of certain real estate. Defendants filed cross-bills praying for an accounting. From an order denying motions to dismiss said cross-bills, plaintiff appeals. Affirmed.

*Baldwin, Alexander & Russell,* for plaintiff.

*Earl C. Michener,* for defendant Deane.

*Theodore M. Joslin,* for defendant Gibson.

PER CURIAM. The bill of complaint filed in this case prays for the partition of certain premises situated in the city of Adrian, Lenawee county, Mich., formerly owned by one Abigail Deane, deceased, of whom the plaintiff and all the defendants are the surviving heirs. Abigail Deane died intestate in 1857, leaving as her

sole heirs at law Isaac A. Deane, Sarah S. Comstock, Dorcus Deane, Mary Ann Winter, and Abigail E. Jones, all of whom are now dead. Abigail E. Jones survived the others, and at her death on February 8, 1916, she was the owner of an undivided one-half of the premises, having acquired title thereto by inheritance and by purchase. She died intestate, without issue, leaving as her sole heirs at law the plaintiff, Charles H. Comstock, and defendant Addison J. Comstock. Her estate is being probated in the probate court of Lenawee county.

Two cross-bills were filed by certain of the defendants stating that Abigail E. Jones had control of the premises in question from the death of her mother in 1857 until her death in February, 1916, and during all of said time received the rents and income therefrom to the exclusion of her cotenants and failed to account to them for their respective shares. The cross-bills prayed for an accounting and that any sums due the defendants from the rents and profits collected by the said Abigail E. Jones be deducted from the amount that would otherwise be due to the estate or heirs at law of Abigail E. Jones. The plaintiff filed separate motions to each cross-bill, asking that they be dismissed for the reason that the court had no jurisdiction to require an accounting in this case, it appearing on the face of the cross-bills that defendants' claims, if any, were against the estate of Abigail E. Jones, and could only be allowed by the commissioners on claims appointed by the probate court in said estate. The two motions were by consent consolidated and argued as one motion. The court made an order denying them, and the plaintiff now appeals from this decision of the circuit court; leave to do so having been granted by this court.

After a careful consideration of the question raised by the motions to dismiss, we are of the opinion that

it should not be decided upon the record as here presented. The case should be heard upon its merits so that a complete record may be presented of the facts upon which chancery jurisdiction is sought. *Osborn* v. *City of Ann Arbor,* 189 Mich. 96 (155 N. W. 1102). For this reason the order denying the motions to dismiss will be affirmed, but without costs to either party.