DEWEY *v.* CITY OF FLINT.

1. EQUITY—PLEADING—PRACTICE—INJUNCTION—RELIEF.

Upon a motion to dismiss a bill for injunctive relief from an assessment for a sewer, the bill should be sustained if any ground for equitable relief is stated, even though imperfectly.

2. TAXATION—ASSESSMENTS—FRAUD—DISCRETION.

It is uniformly recognized that the judgment and discretion of assessing officers, if honestly exercised upon a correct theory, is not reviewable by the courts, but the court of equity has jurisdiction to relieve from fraud in proper cases.

3. SAME—PLEADING—EQUITY—JURISDICTION—INJUNCTION.

Where the bill alleged arbitrary and fraudulent action by the council of defendant city, amounting to confiscation of plaintiffs' land, they may maintain their bill to restrain the collection of a fraudulent and arbitrary assessment for a sewer.

Appeal from Genesee; Black, J. Submitted January 16, 1919. (Docket No. 50.) Decided April 3, 1919.

Bill by Sarah W. Dewey and others against the city of Flint to set aside an assessment for a sewer tax. From an order overruling a motion to dismiss, defendant appeals. Affirmed.

*Carton, Roberts & Stewart,* for plaintiffs.

*John H. Farley* (*Guy W. Selby,* of counsel), for defendant.

FELLOWS, J. Plaintiffs' bill alleges that they are the owners of certain premises in the city of Flint, mostly unplatted and covered by woods, located a mile to a mile and a half distant from the nearest point to

the proposed west side trunk sewer. It is alleged there is no necessity for a sewer so far as their lands are concerned; that any benefit to their premises is speculative, indefinite, remote and contingent; and it is alleged that in including said premises in the assessment district of said sewer the council of defendant city acted arbitrarily, fraudulently and discriminated against the rights of the plaintiffs, and that such action amounts to confiscation of their property for the purpose of improving other lands. Other allegations not necessary to here detail are found in the bill. The vacation of an assessment of approximately $7,000 and injunctive relief is sought. Defendant filed a motion to dismiss the bill, and appeals from an order overruling the same.

Upon this motion the bill should be sustained if any ground for equitable relief is stated, even though imperfectly. *Watson* v. *Wagner*, 202 Mich. 397. It is uniformly recognized that the judgment and discretion of assessing officers, if honestly exercised upon a correct theory, is not reviewable by the courts. But if such judgment and discretion are exercised in bad faith, fraudulently and arbitrarily, the court of equity is not powerless to afford relief. To the judicial branch of the government is not committed the exercise of judgment and discretion in fixing the value of property, or the area of a special assessment district, for the purposes of taxation and assessments of benefits; but to the court of equity is committed the jurisdiction to relieve from fraud in proper cases. It was said by Mr. Justice COOLEY, speaking for the court in the case of *Merrill* v. *Humphrey*, 24 Mich. 170:

"The question, then, is this: A public officer being empowered by law to apportion certain burdens among the citizens as in his judgment shall be just, being actuated by a fraudulent purpose, instead of obeying the law disregards its mandate, declines to bring his

judgment to bear upon the question submitted to him, and arbitrarily and with express reference to defeating the ends at which the law aims, determines to impose an excessive burden upon a particular citizen; Has this citizen any remedy against the threatened wrong?

"We think this question can admit of but one answer. A discretionary power cannot excuse an officer for refusal to exercise his discretion. His judgment is appealed to—not his resentments, his cupidity or his malice. He is the instrument of the law to accomplish a particular end through specified means, and when he purposely steps aside from his duty to inflict a wanton injury, the confidence reposed in him has not disarmed the law of the means of prevention. His judgment may indeed be final if he shall exercise it, but an arbitrary and capricious exertion of official authority, being without law, and done to defeat the purpose of the law, must, like all other wrongs, be subject to the law's correction.    *    *    *

"The ruling that fraudulent taxation should be restrained, wherever the case is such that the motive can be legally inquired into—as it always may be in case of the subordinate agencies—is in our opinion very clearly sound and wholesome."

See, also, *Walsh* v. *King*, 74 Mich. 350; *Lawrence* v. *City of Grand Rapids*, 166 Mich. 134; *Newport Mining Co.* v. *City of Ironwood*, 185 Mich. 668.

If plaintiffs' lands were included in this assessment district as a result of fraud and arbitrary action on the part of the instrumentalities of defendant and thereby their property is confiscated for the benefit of other lands, they may maintain their bill to restrain the collection of such fraudulent and arbitrary assessment. We are not passing on the facts of the case; for the purposes of this motion the bill must be taken as true.

Other interesting questions are discussed in the briefs of counsel. Following *Osborn* v. *City of Ann Arbor*, 189 Mich. 96; *Comstock* v. *Deane*, 197 Mich. 388; *Grand Rapids Trust Co.* v. *Nichols*, 199 Mich.

126, we will not dispose of them on this motion to dismiss. They may be determined on the final disposition of the case.

The order appealed from is affirmed. Plaintiffs will recover costs of this court.

BIRD, C. J., and MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.