## SCOTT *v.* SCOTT.

1. WILLS—INTERPRETATION.

It is a cardinal principle, in the interpretation of wills, to carry out the intention of the testator, if it is lawful, and if it can be discovered, and the whole will is to be taken together, and is to be so construed as to give effect, if it be possible, to the whole.

2. SAME—SALE OF DEVISED REALTY—REVOCATION—INTENT.

Where testator devised his land to his children subject to a life estate in the wife, who was also given the balance of the estate absolutely, and after his death a deed was discovered conveying a farm to third parties, the contention of the wife that the sale of the farm operated to revoke the will *pro tanto*, and that the proceeds must pass to her as the residuary legatee, cannot be sustained; the will showing clearly that testator had no intention of excluding his children from all interest in his property.

Appeal from Monroe; Root (Jesse H.), J. Submitted April 7, 1920. (Docket No. 3.) Decided June 7, 1920.

Bill by Burl O. Scott and others against Mary E. Scott and others for the construction of a will. From a decree for plaintiffs, defendants appeal. Affirmed.

*A. A. Slaybaugh, Guy W. Moore,* and *Hal P. Wilson,* for plaintiffs.

*Willis Baldwin,* for defendants.

MOORE, C. J. Thomas K. Scott died on the 9th day of December, 1918, leaving as his heirs at law, Mary E. Scott, his wife, and three grown children, Burl O. Scott, a son, and Cora May Hickey and Rosa Della Young, daughters. Mary E. Scott was the second

On right of one claiming through heir or devisee to protection against unrecorded conveyance by ancestor or his personal representative, see note in 34 L. R. A. (N. S.) 328.

wife of Thomas K. Scott and not the mother of any of his children. She had been his wife about 18 years. On the 8th day of November, 1915, Thomas K. Scott made a will, the material portions of which are as follows:

"*Second:* I give and bequeath to Mary E. Scott, my wife, all my personal property of whatsoever kind that I may possess at the time of my death or any that may come to my estate after my demise. (Then follows an absolute devise to her of a house and lot in the village of Carleton.)

"Also to Mary E. Scott, my wife, I devise that she shall have the use and control of all my real estate her natural lifetime. She shall keep it insured and all taxes paid in full in case of the death of myself before that of my wife this is to be in force, but in case of my wife's death before that of myself, to be null and void. (Then follows a description of the real estate devised.)

"I bequeath to my children, Cora May Hickey, Rosa Della Young, daughters, and Burl O. Scott, my son, the real estate as above described, after the death of Mary E. Scott, my wife, they shall each have equal share and share alike." * * *

On December 14, 1918, after the death of Thomas K. Scott, which occurred on December 9th, Burl O. Scott, one of the plaintiffs, with the widow, Mary E. Scott, went to the safety deposit vault where the deceased had a private box, and among other personal papers of his found a warranty deed from Thomas K. Scott and Mary E. Scott to James Kiley and wife conveying the farm land mentioned in the will, said deed bearing date December 6, 1918.

At the trial there was introduced in evidence by defendants a mortgage in which Thomas K. Scott was designated as party of the second part covering the farm and bearing date December 6, 1918, signed by said James Kiley and wife as parties of the first part, which mortgage was in the possession of Mr. Kiley,

also a receipt for $500 from Thomas K. Scott to James Kiley, and a mortgage note, bearing the same date, signed by James M. Kiley and wife, payable to Thomas K. Scott or order, which note was also retained by James M. Kiley and wife.

Plaintiffs in the bill filed in this case, in addition to other relief, asked the court to construe the will and by its decree declare what the rights and interests of plaintiffs and defendants respectively are in said farm property and in the estate of said Thomas K. Scott, deceased. From a decree in favor of the plaintiffs, the widow of Mr. Scott appeals.

It is the claim of the widow that the sale of the farm converted it into personalty and operated to revoke the will *pro tanto;* and that the proceeds of such sale must pass to her as the residuary legatee as personal property, citing *In re Sprague's Estate,* 125 Mich. 357, and other authorities.

We think a construction of the will will determine the rights of the parties. It is well established:

"The rule that 'the cardinal principle of interpretation of wills is to carry out the intention of the testator, if it is lawful, and if it can be discovered,' and that 'the whole will is to be taken together, and is to be so construed as to give effect, if it be possible, to the whole,' is universal, and cases are of little value to the courts as precedents unless they substantially agree in their facts with the case under consideration." *Thurber* v. *Battey,* 105 Mich. 718.

See, also, *Tewksbury* v. *French,* 44 Mich. 100; *Ireland* v. *Parmeter,* 48 Mich. 631; *Tracy* v. *Murray,* 49 Mich. 35; *Cummings* v. *Corey,* 58 Mich. 494; *Gregory* v. *Tompkins,* 132 Mich. 205; *Foster* v. *Stevens,* 146 Mich. 131, and *Stender* v. *Stender,* 181 Mich. 648. The last-named case was in many respects like the one before us.

A reading of Mr. Scott's will shows clearly that he had no idea of willing all of his property to his widow

to the exclusion of his three children from any interest therein and the record does not show that he ever changed his mind in that regard.

The decree is affirmed, with costs to the plaintiffs.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.