LAURAIN v. ERNST.

1. Wills—Construction.

A will speaks as of the death of the testator.

2. Same—Intent—Revocation.

Whether a testator, by selling nearly all of his real estate, intended thereby to revoke his will, is a question to be answered by construction of the will.

3. Same—Executors and Administrators.

The executor, who is a beneficiary under the will, may ask construction thereof either as executor or individually, and that he asks in both capacities is unimportant.

4. Equity—Wills—Misjoinder—Multifariousness.

A bill for the construction of a will, which also charged fraud and joined as defendant a bank in which testator's money was deposited, is open to the objection that it is multifarious.

[1]Wills, 40 Cyc. p. 1424; 28 R. C. L. 234; 3 R. C. L. Supp. 1563; 4 R. C. L. Supp. 1807; 6 R. C. L. Supp. 1712; [2]Id., 40 Cyc. p. 1205; 28 R. C. L. 193; 3 R. C. L. Supp. 1562; 6 R. C. L. Supp. 1709; [3]Id., 40 Cyc. pp. 1848, 1850; [4]Equity, 21 C. J. §§ 440, 444.

5. ACTION—PARTIES—IF MORE THAN ONE DEFENDANT LIABILITY
MUST BE AGAINST ALL.
> It is required by 3 Comp. Laws 1915, § 12309, that if
> there be more than one defendant, the liability must be
> one asserted against all of the material defendants.

6. APPEAL AND ERROR—PARTIES — MULTIFARIOUSNESS — CASE NOT
DEFEATED BY MISJOINDER OR NONJOINDER.
> On appeal from a decree dismissing a bill because of mul-
> tifariousness and misjoinder of parties, in view of 3 Comp.
> Laws 1915, § 12364, providing that no action at law or
> in equity shall be defeated by the misjoinder or non-
> joinder of parties, the case is remanded, giving plaintiff
> opportunity to correct the bill, although no benefit under
> the statute was sought by him.

Appeal from Wayne; Shepherd (Frank), J., presid-
ing.    Submitted October 13, 1926.    (Docket No. 80.)
Decided January 3, 1927.

Bill by George J. Laurain, executor of the last will
of John B. Laurain, deceased, and individually, against
Anna Ernst and the People's State Bank for a con-
struction of said will, and for an injunction.    From
an order dismissing the bill, plaintiff appeals.    Re-
manded.

*Frank C. Golden* and *Benedict H. Lee,* for plaintiff.

*Oxtoby, Robison & Hull,* for defendant Ernst.

*Milo H. Crawford,* for defendant bank.

CLARK, J.    Plaintiff's bill, on separate motion made
by each defendant, was dismissed.    He has appealed.
The chief infirmity urged is multifariousness.
John B. Laurain made a will, quoted in part:

"*Second:*  I give to my daughter, Anna Ernst,
*    *    *  (described land).
"*Third:*  I give to my son, George J. Laurain, all the

---
[5] Actions, 1 C. J. § 262; Equity, 21 C. J. § 444 (Anno); [6] Appeal
and Error, 4 C. J. § 3098 (Anno).

rest, residue and remainder of my estate of whatever kind wherever situated. * * * ,

"*Fourth:* I hereby name and appoint my son, George J. Laurain, to be the executor of this will." * * *

Later testator sold and conveyed all his land except a small parcel, for $30,000, $5,000 cash, remainder secured by mortgage to him of the same land. The will was admitted to probate and the son George became executor. After receiving the $5,000, testator deposited it with the defendant the People's State Bank with $300 already there. It is alleged that after his death "a copy of the bank's card, containing the signatures of said John B. Laurain and Anna Ernst evidencing said account," contained the following: "Payable to both or either or the survivor." And it is alleged that the words last quoted had been placed on the card after death of testator.

The bill was filed by George J. Laurain as executor and "in his individual capacity." It alleged that the daughter, Anna Ernst, was claiming otherwise than under the will. The first six paragraphs state a case for construction of the will. The will, when made, was perfectly clear and unambiguous. And defendants insist that therefore there is and can be no ground or reason for construing it. The will speaks as of the death of the testator. When he died a complication had arisen: he had disposed of nearly all of the real estate. Did the testator intend thereby to revoke the will? Under the law of this State, this question is to be answered by construction. See *In re Harrison's Estate*, 233 Mich. 663, where the matter is discussed fully. And construction has been decreed in like cases. *Stender* v. *Stender*, 181 Mich. 648; *Scott* v. *Scott*, 210 Mich. 657.

Plaintiff might ask construction either as executor, or individually. That he asks it in both capacities is, we think, unimportant.

The remaining paragraphs of the bill relate to the

$5,300. Fraud is charged, in effect, in respect to the placing on the savings card of the words, "Payable to both or either or the survivor." Injunction is sought that Anna Ernst may not withdraw the money and that the bank may not pay it to her. The main purpose of the said portion of bill is to have decree that the money belongs to the estate and that the executor may have it. It makes both Anna Ernst and the bank defendants. This portion of the bill, charging fraud, and seeking protection of the fund in the meantime by injunction, states, but not perfectly, a case in equity. *Dewey* v. *City of Flint,* 205 Mich. 195. It is brought properly by the executor. Plaintiff's further words, in description of himself, might have been dropped, treated as surplusage.

The two actions ought not to have been joined. The bill is multifarious. There is misjoinder. The bank is not interested in the construction of the will. True, the plaintiff may be interested in both the will and the fund of $5,300. But that does not justify the joinder. If it did, might not the plaintiff have joined another action against another party to foreclose a mortgage and against still another party to set aside a deed?

"A complainant cannot demand several distinct things, having no connection with each other, of several defendants, by the same bill." *Ingersoll* v. *Kirby,* Walk. Ch. 65.

And it is required by section 12309, 3 Comp. Laws 1915, that "if there be more than one defendant, the liability must be one asserted against all of the material defendants." * * *

We quote syllabus of *Hunton* v. *Platt,* 11 Mich. 264:

"A bill filed to quiet complainant's title to lands, which makes persons defendants whose claims to the land are in no way connected, is multifarious."

See *Hart* v. *McKeen,* Walk. Ch. 417; *Torrent* v.

*Hamilton,* 95 Mich. 159; and see Act No. 349, Pub. Acts 1925.

Appellant here does not cite section 12364, 3 Comp. Laws 1915, and the record does not show that he sought anything because of it in the trial court.    He, it seems, stood squarely on the contention that his bill was not open to the motions to dismiss.    We quote the section:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties.    New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

And see *Epworth Assembly* v. *Railway,* 223 Mich. 589; *Wellock* v. *Cowan,* 221 Mich. 58.

The trial judge, in the absence of request of plaintiff, could not very well direct which action should be retained.    Perhaps the order of dismissal should be affirmed.    But in deference to the statute and out of an abundance of caution, we remand the cause, giving plaintiff 15 days in which to correct his bill. If within the time he does not correct it, the order of dismissal will stand.    In any event, defendants will have costs in both courts.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.