(25 Misc. Rep. 121.)

## WAGSTAFF v. MARCY et al.

(Supreme Court, Trial Term, New York County.  October, 1898.)

1. PARTITION—PLEADING—JUDGMENT.

Under Code Civ. Proc. § 1207, entitling plaintiff to any relief consistent with the case made by the complaint, and embraced within the issue, irrespective of the relief demanded, a judgment finding a will void may be rendered in an action by an heir for partition, based on testator's want of testamentary capacity.

2. VENDOR AND PURCHASER—RIGHTS UNDER EXECUTORY CONTRACT.

Under an executory contract, the vendor becomes the owner of the purchase money, and the purchaser becomes the equitable owner of the land.

3. SAME—DEATH OF VENDOR—DESCENT AND DISTRIBUTION.

Where a vendor under an executory contract dies, his personal representative is entitled to receive the price, and hold it for his creditors, if necessary, but otherwise it goes to his heirs or devisees.

4. SAME—PARTITION—EQUITABLE CONVERSION.

Where specific performance of a decedent's contract to sell real estate has been decreed, so that his heirs or devisees become entitled to the purchase money instead of the land, the doctrine of equitable conversion cannot defeat their right to partition between themselves.

5. SAME—JURISDICTION OF SUBJECT-MATTER.

Where a vendor died leaving his contract unexecuted for a sale of land he had devised, and, prior to a suit for specific performance. one of his heirs brought an action to partition the land, on the ground that the devise was invalid, jurisdiction of the court attached to the subject-matter, and was not devested by a subsequent conveyance by the devisee in compliance with a decree for specific performance.

6. SAME—NECESSARY PARTIES.

Where one of the heirs of a testator sues to partition his realty, on the ground that a devise thereof was invalid, one who had contracted to buy the same before testator died, and had compelled the devisee to convey after the action in partition was begun, need not be made a party, since the controversy can be determined without prejudice to him, within Code Civ. Proc. § 452.

7. SAME—RES JUDICATA.

Though a decree for specific performance against the devisee of a vendor in a suit to which the heirs were parties is conclusive as to the purchaser's title. the heirs may litigate, as between themselves, any issue they choose to make in a suit to partition the property, brought before the suit for specific performance was begun.

Action by Emily Wagstaff against Fidelia Marcy and others.  On motion to dismiss the complaint.  Denied.

The vendee in the contract mentioned in the opinion transferred his rights thereunder to Joseph Meeks, and he obtained a decree of specific performance against the vendor's devisee.

Myers, Goldsmith & Bronner, for plaintiff.
Cardozo Bros., for defendants Simpson and Werner.

McADAM, J.  The suit in form for partition of real property has for its ultimate purpose the avoidance of the will of William E. Parsons, for want of testamentary capacity, so that the proceeds of the sale he contracted to make prior to his death may be distributed among his

heirs at law as though there had been no will. Pryer v. Howe, 40 Hun, 383. The judgment attainable by the plaintiff under the peculiar circumstances of this case can be no other than a finding that the will is void; that the proceeds of sale may be divided among the heirs. This is allowable, because a plaintiff is entitled to any relief consistent with the case made by the complaint, and embraced within the issue, irrespective of the relief demanded. Code, § 1207; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55.

After making the contract for the sale of the realty, William E. Parsons, as vendor, became the owner of the purchase money, and his vendee the equitable owner of the land. Story, Eq. Jur. § 790; Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825; Moore v. Burrows, 34 Barb. 173; Adams v. Green, Id. 176; Smith v. Gage, 41 Barb. 60; McKechnie v. Sterling, 48 Barb. 330; Thomson v. Smith, 63 N. Y. 301. When William E. Parsons died, his personal representatives became entitled to receive the purchase money, and hold it for his creditors, if their demands required it. If not so required, it would have gone to his heirs at law; but, in consequence of the devise by him of the land, it would go to his devisee, Jessie K. Parsons. McCarty v. Myers, 5 Hun, 83. The will devising the land to Jessie K. Parsons was not revoked by the subsequent sale the testator contracted to make. 2 Rev. St. (9th Ed.) p. 1878, § 45; Gaines v. Winthrop, 2 Edw. Ch. 571. The only legal change effected was that the devisee took the proceeds instead of the land. She, nevertheless, took the proceeds as land, because devised to her as land, and the heirs have elected to treat the money as land. She held the legal title, subject to the trust which attached to the land; and this trust she executed by carrying out her testator's contract by a conveyance of the land to the vendee. The doctrine of equitable conversion, as applied to the parties,—heirs and devisee,—does not defeat the remedy. If there had been legacies charged on the land, the lien would have been transferred to the purchase money. Guelich v. Clark, 3 Thomp. & C. 315. So, if the judgments had been recovered against the vendor subsequent to the contract of sale. Moyer v. Hinman, 13 N. Y. 189. If Meeks, for any lawful reason, had been excused from taking under his contract, the devisee would have kept the legal title to the land, and remained its owner. The action having been commenced prior to the filing of the decree in the suit of Meeks against Parsons et al., for specific performance of the contract, jurisdiction of the court over the subject-matter attached, and was not diverted by the conveyance subsequently made by the devisee. As the present controversy can in no manner prejudice Mr. Meeks, his presence is unnecessary (Code, § 452), and the application to make him a party will be denied. His title is unimpeachable. The judgment in his action precludes all question as to that. But, as between the heirs, it is not res adjudicata; and they may litigate as between themselves any issue they choose to make. Smith v. Hilton, 50 Hun, 236, 2 N. Y. Supp. 820; Ostrander v. Hart, 130 N. Y. 406, 29 N. E. 744. The scope of the action for partition under the various statutes and decisions is sufficiently comprehensive to embrace the present contention, affecting, as it does, a will of real estate, respecting

which the heirs apparently have no other remedy than to attack it to protect their rights.

The motion to dismiss the complaint will be denied, and the trial as to testamentary capacity ordered to proceed on November 14th, in part 11. Ordered accordingly.