(119 App. Div. 509)

## VAN TASSEL v. BURGER et al.

(Supreme Court, Appellate Division, Second Department.   May 10, 1907.)

1. ESCROWS—DEED—DELIVERY.
      Where a grantor dies after the delivery of a deed by him in escrow, and before the delivery by the depositary to the grantee, the second delivery relates back to the first by fiction of law.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Escrows, § 14.]

2. WILLS—DEVISE OF REALTY—SALE BY TESTATRIX.
      Where testatrix devised certain real property, and prior to her death executed a contract for the sale of the property, giving to a depositary in escrow a deed to be delivered on payment of certain sums, and died before the grantee had complied with the terms of the agreement and received the deed, the purchase money paid by the grantee to the depositary belonged to the devisee of the real property, and not to the legatee of testatrix's personal property.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1986.]

Action by Emma Van Tassel against Jacob Burger, as executor, etc., and James Baynes.   Submission of controversy on agreed statement of facts.   Judgment for defendant Baynes.

Argued before JENKS, HOOKER, MILLER, and GAYNOR, JJ.

E. V. B. Getty, for plaintiff.

John E. Van Nostrand, for defendant James Baynes.

HOOKER, J.   The testatrix of the defendant executor died seised of several pieces of real property.   By her will she devised one of these pieces to the defendant Baynes.   She gave to the plaintiff all of her personal property, except certain earrings and her piano.   During her lifetime the testatrix entered into a contract with one Hoffman for the sale to him of the premises described in her will as devised to the defendant Baynes, for the sum of $5,000.   The vendee paid $50 on account of the purchase price at the time of the execution and delivery of the contract.   On the 22d day of December, 1905, the vendee met the testatrix for the purpose of paying the balance of the purchase price and taking a deed, but he did not have the amount of cash required to close the transaction.   Thereupon the testatrix delivered her deed of the premises executed in pursuance of the contract to one Way, in escrow, upon the condition that it be delivered by him to the vendee upon the payment by the latter to Way of the cash balance required by the contract, and of two certain bonds and mortgages forming part of the consideration.   The next day at about 7 o'clock in the morning the testatrix died; and upon the same day, about 11 o'clock in the morning, and about four hours after the death of the testatrix, the vendee complied with the terms of the contract, performed all the conditions required by the escrow agreement, and received the deed from the depositary.   The defendant executor now has in his hands the sum of $1,200, less the $50 paid, at the time of the execution of the contract of sale, and the bonds and mortgages for $3,800 for the balance of the purchase price.   The plaintiff claims the whole of said property in the hands of the executor, as the legatee of the personal property of the testatrix, while the defendant Baynes

claims it by reason of the fact that he was named as devisee of the premises. His claim is that the testatrix actually died seised of the property, and that it still remains real property in equity, although the land was actually converted into money after the death of the testatrix. There was some other personal property, and no debts left by the testatrix. Where a grantor dies after the delivery of a deed by him to the depositary, and before the delivery by the depositary to the grantee, the second delivery relates back to the first by fiction of law. The reason for the rule is stated in Stanton v. Miller, 58 N. Y. 192, 201. It is there said:

"A deed delivered to a third person to be held until the performance of some condition, is a delivery in escrow. 2 Bl. 307. Unlike the case of a delivery to the grantee, or his agent, no title passes until the condition is performed, nor, generally, until an actual ·delivery of the deed to the grantee after the happening of the event upon which the title is suspended. This is subject to exceptions, one of which is that in case of the death of the grantor before condition performed, and it is afterward performed, the law from necessity will give effect to the first delivery, and make it the deed of the grantor from that time. Perryman's Case, 3 Coke, 84. This fiction is indulged to satisfy the law, which requires that a delivery, to make a deed effectual, must be the act of the grantor; and as his death would operate as a revocation of the authority of the depositary, the intention of the parties would be defeated if a second delivery was required to vest the title. Jackson v. Rowland, 6 Wend. (N. Y.) 666, 22 Am. Dec. 557; Wheelwright v. Wheelwright, 2 Mass. 447, 3 Am. Dec. 66."

The fiction is, however, indulged only to uphold the grantor's deed and to prevent injury to the grantee. Frost v. Beekman, 1 Johns. Ch. (N. Y.) 288, 297; Beekman v. Frost, 18 Johns. (N. Y.) 544, 9 Am. Dec. 246; County of Calhoun v. American Emigrant Co., 93 U. S. 124, 23 L. Ed. 826; 16 Cyc. 589. During the four hours between the death of the testatrix and the delivery by the depositary, the legal title of the premises in question was in the defendant Baynes; for it was of necessity in some person, and could not have been in the grantee or in the depositary. If the grantee had never performed the conditions of the escrow agreement, the title would have remained in the defendant Baynes when the grantee performed these conditions and received the deed from the depositary, by fiction of law his title related back to the first delivery, but this did not change the fact that for four hours after the death of the testatrix the legal title had been in the defendant Baynes, subject to being defeated by the performance of the escrow agreement and the delivery of the deed by the depositary. In other words, Baynes took the property on the death of the testatrix subject to her valid agreement made before her death. If he took subject to the infirmity of the agreement, he was likewise entitled to any advantage that might follow by reason of its terms. Equity should not deprive him of the advantage of his ownership, which, in this case, is the consideration paid by the grantee for his land.

The judgment should be for the defendant Baynes, with costs.

GAYNOR, J., concurs on the ground that at the death of the grantor her conveyance had not yet taken effect as such, and there was therefore only the contract of sale, which did not revoke.

MILLER, J. (concurring). I concur in the conclusion reached by my Brother HOOKER. The question to be determined is whether the devise to James Baynes was revoked by the subsequent contract to convey the property devised, and by the delivery of the deed in escrow. The effect of the agreement to convey was to convert the testatrix's property from real estate to personalty. Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825. At common law, either the agreement to convey, or the delivery of the deed in escrow, would have revoked the specific devise. Walton v. Walton, 7 Johns. Ch. (N. Y.) 258; Adams v. Winne, 7 Paige's Ch. (N. Y.) 97; Beck v. McGillis, 9 Barb. (N. Y.) 35; Brown v. Brown, 16 Barb. (N. Y.) 569; McNaughton v. McNaughton, 34 N. Y. 201; Gray v. Gray, 5 App. Div. 132, 39 N. Y. Supp. 57. The question is: Has the statute (2 Rev. St. p. 64, pt. 2, c. 6, tit. 1, §§ 45 to 48) changed the common-law rule? The contract to sell did not revoke the will (Id. § 45; Knight v. Weatherwax, 7 Paige's Ch. [N. Y.] 182; Wagstaff v. Marcy, 25 Misc. Rep. 121, 54 N. Y. Supp. 1021); nor did the delivery of the deed in escrow (Id. §§ 47–48). Where a deed is delivered as an escrow nothing passes by the deed unless and until the condition of its delivery is performed. Wheelwright v. Wheelwright, 2 Mass. 449, 3 Am. Dec. 66; Jackson v. Catlin, 2 Johns. (N. Y.) 248, 3 Am. Dec. 415; Catlin v. Johnson, 8 Johns. (N. Y.) 520; Frost v. Beekman, 1 Johns. Ch. (N. Y.) 288; Id. 18 Johns. 544, 9 Am. Dec. 246; Jackson v. Rowland, 6 Wend. (N. Y.) 666, 22 Am. Dec. 557; Green v. Putnam, 1 Barb. (N. Y.) 500; Cagger v. Lansing, 43 N. Y. 550; Calhoun Co. v. Am. Emigrant Co., 93 U. S. 124, 23 L. Ed. 826. It is only where the estate or interest in the property specifically devised is wh·lly divested that the devise is revoked. Id. § 47; Vandemark v. Vandemark, 26 Barb. (N. Y.) 416; Matter of Dowd, 58 How. Prac. 107; Langdon v. Astor's Executors, 16 N. Y. 9–39. The fact that by fiction of law the second delivery of the deed takes effect from the time of the first, in case of the death of the grantor intermediate the two, in no wise alters the fact that it had not taken effect when the testatrix died, and the will speaks from that event. Therefore, said sections 45 and 47 save the contract to sell and the escrow respectively from operating to revoke the specific devise, and the devisee takes the proceeds substituted for the property devised.

JENKS, J., concurs.