## In the Matter of the Estate of JESSIE P. PRENTICE, Deceased.

Surrogate's Court, New York County, May 14, 1929.

*Herbert M. Teets,* for the executor.

*William J. O'Shea, Jr.,* special guardian.

O'BRIEN, S. In this accounting proceeding two questions are presented for decision. The first refers to a devise by the testatrix in the following language: "If at the time of my death I have any interest in or shall be in any way entitled to the real estate which belonged to my father at Albany, New York, I give, devise and bequeath the same to Ezra P. Prentice, son of Mr. Ezra P. Prentice, to be his absolutely."

The proofs submitted show that at the time of the execution of this will the testatrix had an undivided one-fourth interest in two parcels of real property located at Albany, N. Y., which had previously belonged to her father. Subsequently to the execution of the will she contracted, for a valuable consideration, to sell her interest in both parcels of property. She died prior to the date set for the closing of the title and, therefore, before any deed was delivered.

As contended by the executor and the special guardian, I hold that section 37 of the Decedent Estate Law applies. Under the provisions of that section the contract to convey the property is not to be deemed a revocation of the previous devise contained in the will and, therefore, the real property, or the proceeds thereof, passed to Ezra P. Prentice, Jr. Furthermore, it has been so held by the Supreme Court, Albany county, in an action for specific performance brought by the purchaser on the contract against the executor and Ezra P. Prentice, Jr., the judgment of that court directing the proceeds of the sale to be turned over to the general guardian of the latter.

The second question refers to a bequest contained in the 7th paragraph of the will, which reads as follows: " I give and bequeath to Margaret Guthrie Spence, my shares of stock in Miss Spence's School, Inc., to be hers absolutely."

The proof shows that the testatrix never owned any stock in " Miss Spence's School, Inc.," but did own at the time she made the will and at the time of her death shares of the capital stock of the " Spence School Company." I, therefore, hold that it is the latter stock that the testatrix intended to bequeath by the 7th paragraph of the will to Margaret Guthrie Spence. (*Matter of Manning*, 196 App. Div. 575; affd., 232 N. Y. 512.)

Submit decree on notice settling the account accordingly.