In re NENABER'S Estate.

NENABER, et al, Respondents, v. NENABER, Appellant.

(225 N. W. 719.)

(File No. 6825.   Opinion filed June 4, 1929.)

*M. A. Brown,* of Chamberlain, for Appellant.

*J. E. Tipton,* of Lake Andes, for Respondents.

BURCH, J.   In January, 1924, Henry Nenaber, now deceased, executed a will, in which he devised and bequeathed to his wife, Eva, all household furniture, $750 in money, and a life estate in the homestead then occupied by himself and wife.   Some time later, in the same year, the wife sued for divorce, and on the 4th of December, 1925, while the action was pending, a property settlement in the action was made, whereby she agreed in writing to accept $5,250 "in full settlement and payment of all claims and demands against said defendant including any claim or demand for support or any interest in defendant's property by reason of their married relation existing between plaintiff and defendant.   And it is further mutually agreed and stipulated that henceforth the plain-

tiff shall have no right, interest or title in and to the property of the defendant and the defendant shall have no interest, right or title in and to the separate property of the plaintiff; that the said payment of $5,250.00 shall constitute a full and complete settlement between the said parties and the plaintiff in the above-entitled action agrees to accept same in lieu of all claims of alimony or otherwise."

Under the terms of the agreement the sum of $5,250 was paid and accepted. She later dismissed her action, and the husband sued for divorce; she defaulted, and divorce was granted January 23. 1925. The husband died a little over a year later on the 29th of March, 1926. His will above referred to was presented for probate in the county court of Charles Mix county, and the provisions thereof pertaining to the bequest to the wife, Eva Nenaber, were contested by W. H. and H. H. Nenaber, two of the residuary legatees named in the will. Such provisions of the will were unheld by the county court. On appeal to the circuit court, the county court was reversed, and the case is before us on appeal from the judgment of the circuit court adjudging such provisions of the will invalid as to Eva Nenaber and from an order denying a new trial.

The question presented is, Is a will made by one spouse in favor of the other revoked by a subsequent property settlement and divorce of the parties? Appellant concedes that the common law is in force in this state, except where in conflict with statute. But she contends that our statutes, Code, §§ 604 to 642, inclusive, R. C. 1919, purport to and do cover the whole subject of the execution and revocation of wills, and are therefore exclusive, and there can be no resort to rules of the common law to determine what constitutes a revocation of a will.

At common law, a revocation was implied without affirmative act from certain subsequent changes in the status, condition, or circumstances of the testator.

The changes from which revocation was implied at common law were, in the case of a woman, marriage, and in case of a man, marriage and the birth of a child. Modern authorities have extended the rule to apply to a change of status by divorce. Some of the cases discussing and extending the common-law rule are: Donaldson v. Hall, 106 Minn. 502, 119 N. W. 219, 20 L. R. A. (N. S.) 1073, 130 Am. St. Rep. 621, 16 Ann. Cas. 541; Lansing v. Haynes, 95 Mich. 16, 54 N. W. 699, 35 Am. St. Rep. 545; Wirth

v. Wirth, 149 Mich. 687, 113 N. W. 306; In re McGraw's Estate, 228 Mich. 1, 199 N. W. 686, 37 A. L. R. 308; Baacke v. Baacke, 50 Neb. 18, 69 N. W. 303; In re Battis, 143 Wis. 234, 126 N. W. 9, 139 Am. St. Rep. 1101; In re Martin's Estate, 109 Neb. 289, 190 N. W. 872; In re Bartlett's Estate, 108 Neb. 681, 189 N. W. 390, 190 N. W. 869, 25 A. L. R. 39. But in each and all of those cases, where an implied revocation was upheld, the statutes of the state provided that the statute should not be construed to prevent the revocation implied by law from subsequent changes in the conditions or circumstances of the testator. Thus in all those cases the question of what change in status or circumstances of the testator would imply revocation was directly involved.

We have no such provision in our Code, and, if the statute is exclusive, we are not concerned in this case with the rules and principles of the common law and their modern application. We must look to our Code. It purports to cover the entire subject of execution and revocation of wills, and covers the status and circumstances which in the early common law gave rise to implied revocation. It defines the effect of marriage, the birth of issue, and other circumstances affecting the status or condition of the testator arising subsequent to the execution of a will.

Section 618 provides:

"No will or revocation is valid unless executed either according to the provisions of this chapter or according to the law of the place in which it was made, or in which the testator was at the time domiciled."

And section 623 provides:

"Except in the cases in this chapter mentioned, no written will, nor any part thereof, can be revoked or altered, otherwise than:

"1. By a written will, or other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which a will should be executed by such testator; or,

"2. By being burnt, torn, cancelled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction."

. We cannot escape the conclusion the statute is intended to be exclusive. There is but one section of our statute that can

be construed as having any application to the facts in the case at bar. That is section 634, which provides:

"If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will, expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency, by reason of which they do not take effect."

There is nothing in the contract of settlement (a portion of which is above quoted in the statement of facts) expressing an intent to revoke the will. No mention is made of any will, and nothing to indicate that the contracting parties had this or any will in mind. If section 634 has any application, it is because the instrument "contains provisions wholly inconsistent with the terms and nature of the testamentary disposition." Respondent's counsel argue that the contract of property settlement was as conclusive as to the ending of property claims each against the other as it could well have been made; that from its language it appears that Eva Nenaber intended to surrender all further claims against the property of Henry Nenaber. They infer from the circumstances that the will was made when the relations of husband and wife were not amicable, that the will gave the wife no more than her widow's allowance in case of her husband's death, and the property settlement following so soon thereafter and to some extent involving the same subject-matter, the rights of the wife in her husband's property, must have been in contemplation of the parties. They urge that intent is a question of fact, and may be proved by circumstances, and that it must be conceded, in fairness to testator's common intelligence, that he intended to supplant the provisions of the will by the agreement. It may be noted that section 634 requires that the instrument express the intent, or that its terms be inconsistent. That answers respondents' argument as to intent. To show the inconsistency between the terms of the agreement and the will, respondents stress the word "henceforth" in the phrase "And it is further mutually agreed and stipulated that henceforth the plaintiff shall have no right, interest or title in and to the property of the defendant." As a complete answer to respondents' contentions, the property settlement contract does not appear to be

an "instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will." The testator's interest in the property was the same after the contract as before.

We are forced to the conclusion that the divorce and property settlement was not effective under the statutes of this state as a revocation of those provisions of the will in dispute, that the common-law rule of implied revocation is not in force in this state, and therefore the provisions of the will in favor of Eva Nenaber must be sustained.

The judgment and order appealed from are reversed.

SHERWOOD, P. J., and POLLEY and CAMPBELL, JJ., concur.

BROWN, J., disqualified.