GORDON, Respondent, v. KROVIG, et al, Appellant.

(227 N. W. 568.)

(File No. 6786. Opinion filed November 26, 1929.)

*Ernest A. Crockett* and *Clark & Wyman,* all of Yankton, for Apellant.

*H. A. Robinson,* of Yankton, for Respondent.

BROWN, J.   Robert S. Cooley, as administrator with the will annexed of the estate of Helen M. Van Dyke, on June 13, 1917, came into possession of $2,222.06 belonging to the estate, which by the terms of the will was to be held in trust by the administrator until November 25, 1929.   The income therefrom was to be paid annually to Frank Boyle and his sister Nell Boyle Cooley, who is the defendant and appellant in this action, and, at the termination of the trust, the trust fund was to be divided equally between these two.   Cooley continued administrator until his death on December 24, 1924, but never accounted for anything to the beneficiary or the county court.   Five days before his death, in contemplation of death, he transferred to his wife all of his property, including some small notes and treasury certificates of the aggregate value of $543, which it seems were also bequeathed to her by will.

The will was probated, the widow became executrix, and the usual notice to creditors was given.   No claim for the trust fund was filed against the estate, and final decree was entered in the probate proceedings more than a year prior to the commencement of this action.   Plaintiff, having been appointed administrator of the Van Dyke estate in succession to Cooley, brings this action against Cooley's widow, who had remarried and is the defendant, Nell Boyle Cooley Krovig.   The property transferred to her by her husband on December 19, 1924, consisted principally of notes and mortgages, and was of a face value of not less than $5,600, and probably much more than that.   The court gave a personal judgment against her for $2,222.06 and $1,685.05 interest, a total sum of $3,907.11, besides costs, and decreed that all property conveyed to her by her deceased husband, in contemplation of death, should be impressed with a trust for the payment of such judgment.

Appellant contends that, by failure to file the claim within the time prescribed after notice to creditors was published in the probate proceedings, the claim became forever barred.   Rev. Code 1919, § 3389.   But the only property which was made the subject of probate proceedings was some small notes and treasury certificates of the aggregate value of $543, and all of these notes and treasury certificates had been assigned and transferred to appellant

five days before the death of the testator. The will is not set out in the record in this court, but it is stipulated that all of the property described in the will was these notes and treasury certificates, and, these having been transferred to her before the will could take effect at the death of the testator, the will was revoked. Rev. Code 1919, § 634.

Whether the probating of a will by one who knows that it is revoked, and the pretense of administering on the property described in the revoked will, by one who owns and holds such property by unquestioned and indefeasible conveyance from the maker of the will, can bar a creditor failing to present his claim in such proceeding is not, we think, necessary to a decision of this case.

R. S. Cooley did not occupy the relation of a simple debtor to Frank and Nellie Boyle. 39 Cyc. 536. As administrator with the will annexed, he was a trustee of the fund bequeathed to them by their mother. As such trustee, he is presumed to have done his duty and not to have violated the trust. 22 C. J. 136. It was his duty to invest the trust fund and to keep it invested in interest-bearing securities (Rev. Code 1919, § 1217), and he is presumed to have done this. There is no evidence to the contrary of this presumption. Five days before his death he transferred to defendant Nell Krovig "all * * * evidences of indebtedness of whatsoever character due me, or in which I am named the payee, or of which I am the owner."

It will be noticed that he transferred to her, not only all evidences of indebtedness of which he was the owner, but also all in which he was named the payee. This may very well be taken to indicate that he was transferring to her evidence of indebtedness in which he was named as payee but was not the owner, and the only evidence of indebtedness of that kind which may be inferred from the record to exist was such as may have represented the investment of the trust fund. In any event, the presumption obtaining that he had invested the trust fund and kept it invested in interest-bearing securities, and the record failing to show that he had any part of the fund in money, the conclusion is inevitable that some of the notes secured by mortgage which he transferred to his wife five days before his death and in contemplation of death were securities in which the trust fund had been invested.

It is true that the specific notes and mortgages in which

the trust fund was invested cannot be designated. But, the fund having been traced to some of the securities included in the transfer to his wife which are mingled with other securities belonging to the trustee, "equity can direct the possessor and wrongdoer, or his successor, to take out of the mass a sum sufficient to make restitution." Richardson v. New Orleans Debenture Co., 42 C. C. A. 619, 102 F. 780, 785, 52 L. R. A. 67; Plano Mfg. Co. v. Auld, 14 S. D. 512, 86 N. W. 21, 86 Am. St. Rep. 769; Fokken v. State Bank, 52 S. D. 342, 217 N. W. 512; Colteaux v. Savings Bank, 52 S. D. 443, 218 N. W. 151.

Where a trustee mingles trust funds or property with his own, the beneficiary may follow such funds or property and recover them, or enforce the trust as a charge or lien on the mixed funds or property so long as they can be clearly traced either in their original or substituted forms; and furthermore he may enforce this right against the whole mixed fund or property, unless the trustee can identify his own. 39 Cyc. 536. Defendant Krovig having refused to account to plaintiff for any of the securities transferred to her by her husband in contemplation of death, hereinbefore referred to, the trial court did not err in giving judgment against her for the amount of the trust fund with interest, and decreeing that the judgment should be a charge upon the securities received by her from her husband through said transfer.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

CAMPBELL, J. (dissenting). I regret that I am unable to concur with my Brethren in this case. I have no quarrel with the fundamental legal principles discussed in the majority opinion, but I believe the fact basis essential for the application of those principles to the instant case is entirely lacking. The burden of proof in this case was upon the respondent and it seems plain and the majority opinion apparently concedes that before respondent could recover he must prove by a fair preponderance of the evidence that the trust res or its proceeds came to the hands of the appellant Krovig. I do not think there is any sufficient proof of that fact in this record either by direct testimony, circumstances or justifiable presumptions.

The trust res was received by Robert S. Cooley and there the actual proof ceases. There is no proof whatever as to what he did

with it as a matter of actual or independent fact. There is no showing that he mingled that money with his own funds. It was his duty to invest the trust res in his name as trustee (not in his own name) and to keep it safely in that form. There is no direct evidence that he did or did not so do. If he had so done the res in the form of a proper investment in his name as trustee should have been found among his effects at the time of his death. It was not so found. Thereupon two possibilities arise. Perhaps the trust res exists in proper form and simply has not been discovered since his death. That certainly is a possibility which is not, and could not be, precluded by any testimony in this case.

Waiving that possibility, however, we may assume that no such trust res in proper form existed at the time of his death. Accepting that assumption, it is clear that somewhere, some time, and in some manner, Cooley breached his trust, but I see nothing in the evidence in this case to justify us in presuming as a matter of law or as a matter of fact that he breached his trust in one way or at one particular time or in one particular manner, rather than another. From the facts that he received the trust res, and that it is not discovered in any identifiable form at the time of his death, we may presume some breach of trust, but I do not see how we can arbitrarily or presumptively select among an infinite number of possible breaches and say "He breached his trust by investing the trust fund in his own name in some of these particular assets that came to the hands of the defendant at his death. Therefore, she received the trust res or its proceeds and must repay."

Cooley received the trust fund on June 13, 1917, and the record is utterly silent as to what he did with it. Seven years later Cooley died, leaving notes and mortgages in his own name of a face value of much more than the trust fund. When and how he breached his trust and disposed of this res during this period of seven years is not apparent, except that we do know that he failed to pay over the income annually, and to that extent breached his trust at the end of the first year or back in 1918. I see no conceivable ground for indulging the presumption that the particular breach he committed was to invest the trust fund in his own name in some of the particular notes and mortgages of unknown date and origin that came to his widow at his death.

I think, therefore, that there has been an utter failure of proof, and that the judgment and order appealed from should be reversed.