*In re* HEIDELMEYER'S ESTATE.

1. WILLS—SUBSEQUENT CONVEYANCES OF PROPERTY—IMPLIED REVOCATION.

The testamentary disposition of the estate of a testatrix should not be disturbed because of subsequent conveyances unless it appears that such conveyances were so inconsistent with the will or so obviously in satisfaction of some or all of its provisions as to render it unreasonable and improbable that after having made the conveyances she still intended the will should remain operative.

2. SAME—EXCLUSION OF HUSBAND—SUBSEQUENT ATTEMPTS TO CONVEY PROPERTY—IMPLIED REVOCATION.

Conveyances of realty by testatrix which were subsequently held invalid because of nondelivery during grantor's lifetime and which were executed subsequent to will leaving her entire estate to her children by a marriage previous to that with contestant did not effect an implied revocation of the will where none of the conveyances were to husband whom she had expressly excluded from will and at her death none of the provisions of her will had been satisfied or fulfilled.

3. SAME—SCOPE OF APPEAL FROM JUDGMENT UPHOLDING VALIDITY—
   PROPERTY CONVEYED.

> On appeal from judgment of circuit court upholding validity
> of will offered for probate, contestant may not have determined
> the question of whether or not all property owned by testatrix
> passed under the will or only such as she owned when will was
> executed.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 6, 1939. (Docket No. 32, Calendar No. 40,446.) Decided June 22, 1939.

In the matter of the estate of Hedwig Heidelmeyer, also known as Hattie Heidelmeyer and Hattie Klein, deceased. Herbert A. Klein presented the will of Hedwig Heidelmeyer, deceased, for probate. Max Heidelmeyer filed objections thereto. Contest certified to circuit court. Judgment for proponent. Contestant appeals. Affirmed.

*William Kaufman,* for proponent.

*Lau & Lau (Frank H. Lau,* of counsel), for contestant.

NORTH, J. Mrs. Hedwig Heidelmeyer died November 26, 1937, and subsequently an instrument purporting to be her last will and testament was offered for probate in the probate court of Wayne county. Her husband, Max Heidelmeyer, filed objections to the probate of the will. Thereupon the matter was certified for trial to the circuit court of Wayne county. The circuit judge directed a verdict sustaining the will and judgment was entered accordingly. The contestant has appealed.

The sole question presented is appellant's claim that the purported will, executed January 16, 1924, has been revoked by implication and operation of

law through subsequent changes in the condition and circumstances of the testatrix, such changes having been brought about by Mrs. Heidelmeyer's conveyances of her property after the execution of her will. Counsel agree that on this record the question is one of law, no controlling factual issue being presented.

Both Mr. and Mrs. Heidelmeyer had been married previous to their marriage to each other in September, 1921. Each had children by the former marriage and each was possessed of property at the time of their marriage. They continued to live together until Mrs. Heidelmeyer's death in 1937. In the meantime she disposed of some of the property which she held at the time of her marriage and she also acquired several other parcels. Approximately two and a half years after her marriage Mrs. Heidelmeyer executed the will in suit. The portion of the will material to consideration of the present contest reads as follows:

"It is my desire that my husband, Max E. Heidelmeyer, shall not share in my estate because of a verbal agreement made between us at the time of our marriage, that the property which had then been accumulated by him should go to his children upon his death and property accumulated by me should go to my children upon my death.

"I give, devise and bequeath all my property, real, personal and mixed to my children, Herbert A. Klein, Elmer W. Klein, Norman C. Klein and Leona H. Klein, share and share alike, and to their issue by right of representation. Provided, however, that the share of such as are minors shall be held in trust by my son, Herbert A. Klein, until such time as they respectively shall reach the age of 21 years, the income thereof to be used for their care, maintenance, support and education until such time, and then to them absolutely."

The acts of testatrix subsequent to making her will which appellant asserts revoked her will by implication as a matter of law are in substance as follows: By deeds made at various times Mrs. Heidelmeyer disposed of all the property which she possessed. The first of these deeds was made August 3, 1931, and by it one parcel of property was conveyed to the grantor's brother, who was not named in the will. Another of the deeds, dated September 29, 1932, conveyed four vacant lots to testatrix's son, Norman C. Klein, and his wife. During the year 1934 four other deeds were made by testatrix and thereby she disposed of the balance of her real estate. Three of the 1934 deeds given by Mrs. Heidelmeyer conveyed parcels of her property to her own children, but the deed executed October 29, 1934, conveyed the parcel located at 8335 Carlin avenue, Detroit, to Grace Rogers who is the daughter of contestant. The assertion is made that these conveyances of Mrs. Heidelmeyer's property were made by her with intent and for the purpose of defeating creditors; but regardless of this, reconveyances were subsequently made to Mrs. Heidelmeyer by each of the grantees named in the respective deeds and in consequence thereof she became repossessed of all of her property.

Again in 1937 testatrix executed deeds to her children by which she sought to convey each of the parcels of real estate to which she then held title. Subsequently as a result of a proceedings in equity instituted by Max Heidelmeyer, each of the 1937 deeds was held to be invalid because of nondelivery during the lifetime of the grantor.

The controlling question with which we are confronted is whether or not the conveyances or attempted conveyances by Mrs. Heidelmeyer of her property subsequent to the execution of her will

should be held to constitute a revocation of her will by reason of implications to be drawn from her having so conveyed her property. Unless it appears that the acts of Mrs. Heidelmeyer in conveying her property were so inconsistent with the provisions in her will or so obviously in satisfaction of some or all of its provisions as to render it unreasonable and improbable that after having made such conveyances the testatrix still intended that the will should remain operative, her testamentary disposition of her estate should not be disturbed. *Scott* v. *Scott,* 210 Mich. 657; *In re Harrison's Estate,* 233 Mich. 663; and *Laurain* v. *Ernst,* 237 Mich. 252. Review of this record discloses that the conveyances made by Mrs. Heidelmeyer during her lifetime, instead of being inconsistent with her will, were entirely in accord with the purposes of her will. By her will she left her property to her children to the exclusion of her husband; and by the various deeds the same result was accomplished so far as it conveyed the property to the exclusion of her husband. At her death none of the provisions of Mrs. Heidelmeyer's will had been satisfied or fulfilled by conveyances made by her subsequent to the will. None of her beneficiaries then had title to any of the property disposed of by the will. The record presents no semblance of ademption. Under such circumstances, it seems clear contestant cannot maintain his contention that execution of conveyances of her property by the testatrix subsequent to making her will revoked the will by implication.

Appellant has sought to have determination, on this appeal, of the question as to whether all the property of testatrix passed under her will or only such property as she possessed at the time the will was executed. This issue is not before us. This

appeal is from a judgment entered in the circuit court which determined that the will of Mrs. Heidelmeyer offered for probate is a valid will. That is the only question we can review. The judgment entered in the circuit court is affirmed, with costs of this court. The case is remanded to the circuit court for certification of this judgment to the probate court.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.