W. H. SHURE, as Executor of the Last Will and Testament of John Kittleson, deceased, Petitioner and Respondent,

v.

Lina L. DAHL, Anna Rendahl, Carl J. Larson, Margaret Hefta, Helen Wener, Doris Nygaard, Elm River Lutheran Church of Galesburg, N. D., Good Samaritan Home of Arthur N. D., Union Hospital of Mayville, N. D., Andrew Anderson and Sarah Anderson, Respondents

and

Elm River Lutheran Church of Galesburg, N. D., Good Samaritan Home at Arthur, N. D., Union Hospital of Mayville, N. D., Respondents and Appellants.

No. 7521.

Supreme Court of North Dakota.

Jan. 18, 1957.

Cupler, Tenneson, Serkland & Leahy, Fargo, for appellants Good Samaritan Home at Arthur and Elm River Lutheran Church of Galesburg.

Harvey B. Knudson, Mayville, for appellant Union Hospital of Mayville.

Chas. H. Shure, Fargo, for petitioner-respondent.

BURKE, Judge.

On May 10, 1945, John Kittleson of Galesburg executed a last will and testament in which he made specific devises of real property to his sisters, Lina L. Dahl and Anna Randahl, to the Good Samaritan Home at Arthur, to the Elm River Lutheran Church of Galesburg and to the Union Hospital of Mayville. On July 14, 1949, he sold all of the land so devised, by an executory contract for deed. John Kittleson died on June 27, 1952. At the time of his death there remained unpaid unmatured installments upon said contract for deed in the sum of $29,040. The testator's will was filed for probate in the County Court of Cass County. Thereafter the purchasers, under the contract for deed, decided to anticipate the installment payments called for by the contract and paid the entire balance into the County Court. On February 25, 1953, the County Court made its decree directing conveyance of the real estate sold under contract.

Thereafter the petitioner administrator petitioned the County Court to determine, by a declaratory judgment, the persons to whom the proceeds from the sale of the

real estate should be distributed. The issue presented was whether the proceeds of sales contract should be distributed to the devisees of the land sold or whether such proceeds should fall to the residuary legatees and devisees. The County Court by judgment decreed that these proceeds be distributed to the devisees of the land sold. The petitioner administrator appealed from the judgment of the County Court to the District Court of Cass County. Upon that appeal the District Court reversed the judgment of the County Court and directed the entry of judgment decreeing that the proceeds of the land sale be distributed to the residuary legatees and devisees. The devisees of the specific tracts of land, other than the sisters of the testator, who are also the residuary legatees and devisees, have appealed from the judgment of the District Court.

The District Court held, as conclusions of law, that the contract for deed made by the testator for the sale of tracts of land, previously devised by his will, revoked those devises and that payments on the contract becoming due and paid after the testator's death should be distributed by the administrator to the residuary legatees and devisees. Appellants specify these conclusions of law as error and assert that such payments should be distributed equitably to the devisees of the several tracts of land sold.

Under the strict rule of the common law such a contract to sell would, without question, have revoked the specific devises. 68 C.J. 844; 95 C.J.S., Wills, § 294. However, many states including North Dakota have enacted statutes designed to modify or ameliorate the strict rule of the common law. Our statute is Section 56-0411, NDRC 1943. This statute first was enacted as Section 710 of the Revised Code of Dakota Territory of 1877, and it appears in every subsequent code or compilation of laws published in this state. It reads as follows:

"An agreement made by a testator for the sale or transfer of property disposed of by a will previously made : does not revoke such disposal, but the property passes by the will, subject to the same remedies on the testator's agreement, for specific performance or otherwise, against the devisees or legatees, as might be had against the testator's successors if the same had passed by succession."

The respondent contends that the application of this statute is limited to cases where the contract of sale of property is one which does not give the vendee a right of possession or where the contract of sale has been breached by the vendee and the property has been recovered.

The argument in support of this contention is founded principally upon the decision of this court in Clapp v. Tower, 11 N.D. 556, 93 N.W. 862. In that case it was held that the making of a contract for deed under which the vendee was granted possession amounted to an equitable conversion of the property by the vendor; that such a contract conveyed the entire equitable title to the vendee; that the vendor retained only the bare legal title as security and that upon his death his interest in the contract passed to his executor as personalty. The argument is that since the real property devised has, by virtue of the contract for deed, ceased to be the property of the testator, the devise of such property cannot be operative and therefore must be considered revoked.

It appears to us, however, that the purpose of the statute was to avoid the results of such strictly technical reasoning and to prevent a devisee from losing the benefit of the devise merely because the nature of interest of the testator in the property had changed by operation of law as a result of a contract for sale. It will be noted that in addition to providing that a devise shall not be revoked by contract for sale, the statute also imposes upon the devisee all the obligations of the testator under the contract by providing that the property passes "subject to the same remedies on the testator's

agreement for specific performance or otherwise." It would seem that since the statute specifically imposes upon the devisees the obligations of the testator under the contract it must also have intended that they should succeed to and receive its benefits. This is the construction that has been placed upon similar statutes in most of the states that have adopted them.

The New York Statute is Section 37 of the Decedent Estate Law, N. Y., McKinney's Consol. Laws, c. 13, which, reads:

"A bond, agreement, or covenant, made for a valuable consideration, by a testator, to convey any property devised or bequeathed, in any will previously made, shall not be deemed a revocation of such previous devise or bequest, either at law or in equity; but such property shall pass by the devise or bequest, subject to the same remedies on such bond, agreement or covenant, for specific performance or otherwise, against the devisees or legatees, as might be had by law against the heirs of the testator, or his next of kin, if the same had descended to them."

While this statute varies from the North Dakota statute in some of its wording it is clear that its meaning is identical. This statute was first construed in New York in the case of Knight v. Weatherwax, 7 Paige, N.Y., 182, 183, 4 N.Y. Ch. Rep. 116, 117, wherein it was said:

"Whether the two lots were to be considered as real or personal estate after the making of the agreement to sell the same, the interest of the testatrix therein passes to the objects of her bounty, as specified in the first clause of her will, * * *."

Later concerning the same statute it was said:

"The will devising the land to Jessie K. Parsons was not revoked by the subsequent sale the testator contracted to make. * * * The only legal change effected was that the devisee took the proceeds instead of the land. * * *." Wagstaff v. Marcy, 25 Misc. 121, 54 N.Y.S. 1021, 1022.

This construction has been followed in Van Tassel v. Burger, 119 App.Div. 509, 104 N.Y.S. 273, and In re Prentice's Estate, 134 Misc. 343, 236 N.Y.S. 239.

Section 77 of the California Probate Code reads:

"An agreement made by a testator for the sale or transfer of property disposed of by will previously made, does not revoke such disposal; but the property passes by the will, subject to the same remedies on the testator's agreement, for a specific performance or otherwise, against the devisees or legatees, as might be had against the testator's successors, if the same had passed by succession."

This statute is word for word identical with the North Dakota statute. The interpretation placed upon this statute by the California Courts is that where the contract of sale is executory and not fully performed upon the death of the testator, the devisee succeeds to the proceeds from the contract. In re Erskine's Estate, 84 Cal.App.2d 323, 190 P.2d 659, 26 Cal.Jur. 1026, sec. 307.

We deem it unnecessary to set forth the statutes of any other state verbatim. That in Ohio is the same as that in New York and those in Montana and Washington are to all practical purposes the same as those in North Dakota and California. For the construction placed on the statutes in these states see Sells v. Needles, Ohio App., 69 N.E.2d 770; Chadwick v. Tatem, 9 Mont. 354, 23 P. 729; Washington Escrow Co. v. McKinnon, 40 Wash.2d 432, 243 P.2d 1044.

In reaching a contrary conclusion the District Court placed much emphasis upon the case of Ostrander v. Davis, 8 Cir., 1911, 191 F. 156. This case is also cited by respondent in support of his position on this appeal. This decision clearly holds, under the South Dakota statute which is the same as that of this state, where devised land is sold under contract and payments are made upon the contract after the testator's death, such payments are to be distributed to the residuary devisees and legatees and not to the devisee of the land contracted to be sold. In our view this decision is wrong. In Vol. III Am. Law of Property, Sec. 1126, page 73, we find the following statement:

"That such statutes are designed completely to do away with the doctrine that gifts by will are revoked or adeemed by contracts to sell the subject matter of the gifts, seems tolerably plain; and yet there is authority to the effect that where the contract of sale is enforced by the purchaser after the testator's death, the purchase money goes to the next-of-kin or residuary legatees not to the devisee of the land contracted to be sold. (Here are inserted citations including the Ostrander case, supra) This view as to the effect of this legislation seems clearly erroneous. * * *"

We are agreed therefore that a correct construction of Section 56-0411, NDRC 1943, requires, that the proceeds of a contract for deed of previously devised property, which are paid after the testator's death, must be distributed to the devisees of the land contracted to be sold. The judgment of the District Court must therefore be reversed. The case is remanded with directions to reinstate the judgment of the Cass County Court.

GRIMSON, C. J., and BURKE, JOHNSON, SATHRE and MORRIS, JJ., concur.