## IN RE IVERSEN'S WILL
### (118 N.W.2d 17)

(File No. 10005.   Opinion filed November 16, 1962)

**Bottum & Beal,** Rapid City, for Appellant.

**G. F. Johnson,** Gregory, for Respondents.

BIEGELMEIER, J.

This appeal brings the question here for the first time whether under our statutes a subsequent contract to sell land to

the same persons named as devisees thereof in a previous will, is a revocation of the devise. We hold it does not revoke the devise and affirm the trial court.

By his will Ole Iversen, who died June 17, 1953, left a half interest in his real estate to his wife, Emma, and the other half to his two sons, Dale and George Iversen. While his estate was in probate on December 29, 1953, Emma Iversen executed a will in which she stated "I Will, Devise and Bequeath in equal shares, unto my sons Dale Robert Iversen and George Allen Iversen, all my interests in the following described real estate at the time of my death" thereafter listing by legal description 10670 acres. This included all the land devised to her by her husband and the home place of 320 acres; title to the latter was in her name alone. It appears there was some talk of a contest of the Ole Iversen will and a Contract of Family Settlement was executed whereby it was agreed by Emma, Dale and George Iversen that ten notes of $8,799.50 each were turned over to the other children. Shortly thereafter on July 24, 1956, the day the county court entered its decree distributing the real estate in the Ole Iversen estate, Emma entered into a written contract for deed wherein for $50,000,[1] payable $5,000 a year at 2% interest, she agreed to "sell, assign, grant, warrant and convey" to her two sons Dale and George "all of her interest" in the real estate theretofore devised to them in her 1953 will. Yvonne Alice Menard, a daughter of Emma Iversen, being one of the seven other children named as residuary devisees and legatees in the will, brought this action in county court to construe the will under the Uniform Declaratory Judgments Law, SDC 1960 Supp. 37.01.[2] She claims the contract for deed revoked the clause in the will and the balance of $40,000 due under it should be distributed to the residuary legatees. Both the county and circuit courts disagreed with her claim and denied her relief.

Whatever may have been the common law as to revocation or ademption by alteration of the estate of the testator, or of his interest therein,[3] our code purports to cover the entire

---

1. There was evidence the land was valued from $386,600 to $430,400; it does not affect our conclusion.
2. The answer of Dale and George Iversen also asked for a declaratory judgment construing the will in their favor.
3. See 95 C.J.S. Wills § 294.

subject and the statutes are exclusive. In re Nenaber's Estate, 55 S.D. 257, 225 N.W. 719. They had their origin in the laws reported by the Code Commission created by the New York Legislature, commonly called the Field Code. For convenience they will be referred to by the general description preceding each section.

(Agreement to sell) SDC 56.0225:

"An agreement made by a testator, for the sale or transfer of property disposed of by a will previously made, does not revoke such disposal; but the property passes by the will, subject to the same remedies on the testator's agreement, for a specific performance or otherwise, against the devisees or legatees, as might be had against the testator's successors, if the same had passed by succession."

(Convey or alter) SDC 56.0228:

"A conveyance, settlement, or other act of a testator, by which his interest in a thing previously disposed of by his will is altered but not wholly divested, is not a revocation; but the will passes the property which would otherwise devolve by succession."

(Intent or inconsistent) SDC 56.0229:

"If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will, expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testimentary disposition, it operates as a revocation thereof unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect."

The Emma Iversen contract for deed was an agreement for the sale and transfer of the real estate contemplated by and provided for in SDC 56.0225, the "Agreement to sell" section. The title she had in it at the time of her death (or her "interest" therein, the term used in the contract) passed by the will to the two sons. That is the conclusion reached by nearly all the courts under the same or similar statutes where the property is subse-

quently sold by an executory contract to third persons not the devisees. Chadwick v. Tatem, 9 Mont. 354, 23 P. 729; Sells v. Needles, Ohio, 69 N.E.2d 767, 770; Boise v. Merry, 266 Ala. 286, 96 So.2d 448; In re Erskine's Estate, 84 Cal.App.2d 323, 190 P.2d 659; Shure v. Dahl, N.D. 1957, 80 N.W.2d 825, 62 A.L.R.2d 953 and note 958.

Nor is it necessary to examine the refinement of legal and equitable estates or titles discussed in State ex rel. Dillman v. Weide, 29 S.D. 109, 135 N.W. 696. That contention was pressed upon the North Dakota court in the Shure case by citing its similar holding in Clapp v. Tower, 11 N.D. 556, 93 N.W. 862. The State v. Weide opinion quoted and relied on the Clapp v. Tower opinion, yet the North Dakota court held their statute Section 56-0411, NDRC 1943 applied,[4] saying "the purpose of the statute was to avoid the results of such strictly technical reasoning and to prevent a devisee from losing the benefit of the devise merely because the nature of interest of the testator in the property had changed by operation of law as a result of a contract for sale". Such legal fictions are for the benefit of the parties to the sale and are not to be applied for the benefit of third parties, See Washington Escrow Co. v. McKinnon, 40 Wash. 2d 432, 243 P.2d 1044; Knight v. Weatherwax, 7 Paige, N.Y. 182, 4 N.Y.Ch.Rep. 116; Shure v. Dahl and Boise v. Merry, both supra. While the Alabama statute adds a provision that expressly provides the purchase money must be paid to the devisees of the property, that is the result reached by the courts under statutes without the clause.

Appellant states SDC 56.0228, the "Convey or alter" section, does not apply but strenuously contends SDC 56.0229, the "Intent or inconsistent" provision and SDC 56.0225, the "Agreement to sell" section do apply; that these sections are directly opposite one another and they should be construed in pari materia. We agree the statutes being all enacted at the same time and relating to the same general subject should be considered and construed in pari materia, but we do not come to the conclusion reached by appellant. The court in Sells v. Needles, 69 N.E. at 769 used this phrase and held under the plain provisions

---

4. Section 56-0411, NDRC 1943, has now the same number in the Century Code; it is identical with SDC 56.0225. The list of states having such statutes is in the footnote 62 A.L.R.2d 958; their origin and history is reviewed in several of the cited cases.

of the statute an executory contract does not revoke a specific devise. If an agreement to sell property is inconsistent with and revokes a prior devise, there would be no necessity of both SDC 56.0225 and the "wholly inconsistent" clause of SDC 56.0229. While we believe SDC 56.0225 applies, it is also clear under the contract, Emma Iversen's interest in the property was not "wholly divested" (SDC 56.0228); it did not express her intent that it should be a revocation nor did it contain provisions "wholly inconsistent" with her will.[5]

Appellant also argues the "Agreement to sell" section, SDC 56.0225, was enacted only to govern sales to third parties and not the beneficiaries in a will and so should not apply to the facts here. An example of the operation of that contention shows an anomalous result. Let us assume the testator devised property to his two sons A and B. If he thereafter agreed to sell it to a third person the statute applies and the property passes to them by the will subject to the contract; if he agreed to sell it to A, one of the sons and a third person, the devise to son A would be revoked but the devise to son B would pass title to him subject to the contract. It is enough to say the statute contains no such limit; it states an agreement to sell does not revoke a disposal by will and the property passes by the will; it brushes aside all nuances of title and honors the testator's intention as stated in the will. Appellant's counsel admit they have been unable to find any cases where a court has construed SDC 56.0229 or a similar statute under the facts here present or as he contends.[6] As for the quotation from Eisenschenk v. Fowler, Fla. 1955, 82 So.2d 876, they frankly concede Florida has no statute on the subject. Ostrander v. Davis, 8 Cir., 1911, 191 F. 156 is

---

5. Many supporting reasons could be given for her actions, not wholly inconsistent. The sons owned a half interest devised by the father and out of an abundance of caution having been threatened with a will contest in that estate she wanted to be doubly sure the boys would own the other half; tax savings might result or assure her a fixed annual income. The statutes control, however.

6. Klein v. Heidelmeyer, 289 Mich. 404, 285 N.W. 29, reflects that court's views in a similar situation. After devising property in common to her four children, she executed deeds of one lot to her brother and of other lots separately to her children and other relatives. All the property was subsequently reconveyed to her. Later she again executed deeds, this time to her children. In an equity proceeding they were held invalid because of nondelivery during the lifetime of grantor. The court held that neither of these sets of deeds was so inconsistent with the will as to disturb it but in accord with its purposes. No statute is cited.

cited as reaching a contrary conclusion. This action arose in South Dakota and the court's opinion quotes the presently numbered SDC 56.0225 and SDC 56.0229. An examination of the three cases referred to by that court reveals in one the land had been condemned by a defective condemnation proceeding and the owner had later withdrawn part of the money deposited to her credit; in the other two the sales were executed and title passed by deeds.[7] Comment on the Ostrander result in Vol. III, American Law of Property, Sec. 1126, page 73 is quoted in Shure v Dahl, N.D.1957, 80 N.W.2d 825, as follows:

"That such statutes are designed completely to do away with the doctrine that gifts by will are revoked or adeemed by contracts to sell the subject matter of the gifts, seems tolerably plain; and yet there is authority to the effect that where the contract of sale is enforced by the purchaser after the testator's death, the purchase money goes to the next-of-kin or residuary legatees not to the devisee of the land contracted to be sold. (Here are inserted citations including the Ostrander case, supra) This view as to the effect of this legislation seems clearly erroneous. * * *"

We concur with the result reached by the North Dakota Supreme Court that SDC 56.0225 applies to the facts at bar and the proceeds of a contract for deed of previously devised property which are due or paid after the testator's death, pass to the devisees of the land contracted to be sold.

Affirmed.

All the Judges concur.

---

7. This court is in agreement with the result under those facts as it held an executed sale revokes the will as to that disposition whether by deed of real estate in Ansted v. Grieve, 57 S.D. 215, 231 N.W. 912, or by transfer of personal property as in Gordon v. Krovig, 56 S.D. 134, 227 N.W. 568. The court refused to extend the sweep of SDC 56.0229, the "Intent and inconsistent" section, to a subsequent property settlement wherein the former wife settled all claims or interest in the husband's property then existing or henceforth. In re Nenaber's Estate, 55 S.D. 257, 225 N.W. 719.