Leon Sohwerzmann, Jr., J.
The question here presented arises rather frequently. The decedent entered into a contract to sell certain real property which she had specifically devised in a previously executed will. While the contract was still in an executory state, and before the contract purchasers were by its terms obliged to complete payment thereunder, the decedent died. Does the specific devisee succeed to the decedent’s interest under the contract?
EPTL 3-4.2 (formerly Decedent Estate Law, § 37) makes it clear that he does. It expressly provides that: ‘ ‘ An agreement made by a testator to convey any property does not revoke a prior testamentary disposition.of such property; but such property passes under the will to the beneficiaries, subject to whatever rights were created by such agreement.” The reference therein to ‘1 property ’ ’ embraces both real and prsonal property by statutory definition (EPTL 1-2.15).
This statutory principle, that an executory agreement to sell property which has been specifically given under a previously executed will does not work an ademption or revocation of the gift, has long been a part of the law of this State (R. S. pt. 2, ch. 6, tit. 1, art. 3, § 45); and it has been consistently observed down through the years. (Wagstaff v. Marcy, 25 Misc. 121 [1898]; Van Tassel v. Burger, 119 App. Div. 509 [1907]; Matter of Prentice, 134 Misc. 343 [1929]; Matter of Knappen, 125 N. Y. S. 2d 194 [1953]. See, also, Matter of De Stuers, 199 Misc. 777, 782-783; Gaines v. Winthrop, 2 Edw. Ch. 571; McCarty v. Myers, 5 Hun 83.)
The alternate contention of the petitioner, that the decedent evidenced an intent to revoke the devise in a subsequent codicil, is untenable. In that instrument, the decedent carefully delineated and quoted the precise language in her will that she desired to change. To attempt to read into such a specifically designated change as this the implied intent to alter the meaning of an independent sentence following the portion changed, would be to violate the most basic principles of testamentary construction.